# CHARLESTON.

## STATE v. WRIGHT.

### Sumbitted May 11, 1915.   Decided May 25, 1915.

1. CRIMINAL LAW—*Best and Secondary Evidence—Record of Internal Revenue Collector—Intoxicating Liquors.*

   Parol testimony is not admissible to prove the contents of a record kept in the office of the internal revenue collector, showing that a government license was issued on a certain date to a certain person authorizing him to sell intoxicating liquors in a certain building, in the absence of proof of loss or destruction of such record. (p. 298).

2. INTOXICATING LIQUORS—*Unlawful Sale—Prima Facie Case—Government License.*

   Under Sec. 31, Ch. 32, Code 1913, prior to the passage of Ch. 13, Acts 1913, known as the prohibition statute, proof of finding intoxicating liquors in a building occupied by defendant and issuance of a government license to him, does not make out a *prima facie* case of unlawful sale, in the absence of proof that such license was posted in said building. (p. 299).

Error to Circuit Court, Mason County.

J. E. Wright was convicted of unlawfully selling spirituous liquors without a license, and brings error.

*Reversed, and new trial awarded.*

*Rankin Wiley* and *John L. Whitten,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

At the June term, 1913, of the circuit court of Mason county, defendant was convicted of unlawfully selling spirituous liquors without a state license, and sentenced to serve

sixty days in·jail and pay a fine of twenty-five dollars, and he brings error.

There is no proof of an actual sale.  The building occupied by defendant in Point Pleasant was searched under a search warrant issued by a justice of the peace.  Defendant was not then found in the building, but two or three gallons of whiskey and about two-thirds of a barrel of beer were found therein.  No government license was seen posted in the building, or found in defendant's possession.  Two witnesses were permitted to testify, over the objections of defendant, that they examined the records in the office of the internal revenue collector, in Parkersburg, and found therefrom that a license to sell spirituous liquors, in the building occupied by defendant, had been issued to him, commencing on the 1st day of January, 1913, and ending on the 30th of June, 1913.  The indictment was returned at the February term, 1913, and charges the sale to have been made on the 13th of January, 1913.  Defendant did not testify and there is no conflict in the evidence.

The court overruled defendant's motions, (1) to exclude the State's evidence and direct the jury to find in his favor; and (2) to set aside the verdict and grant him a new trial, and this action of the court is assigned as error.

Two questions are presented for determination: First, was the testimony to prove defendant had a government license admissible; and second, if so, is that evidence, taken in connection with the finding of whiskey and beer in the building, occupied by defendant, sufficient, under Sec. 31, Ch. 32, Code 1913, Ser. Sec. 1147, to warrant a conviction?  Defendant objected and excepted to the introduction of the testimony. Under the rule invoked by defendant's counsel, requiring the best evidence, it was necessary to produce a certified copy of the memorandum on record in the revenue collector's office, showing the fact that a license had been issued to defendant. However brief the memorandum, it was nevertheless a matter of public record, and the best evidence of what it contained, in the absence of proof that it had been lost or destroyed, is the record itself, or a certified copy thereof, as provided by Sec. 20, Ch. 130, Code 1913, Ser. Sec. 4876, authenticated in the manner therein provided.  *Hubbard* v. *Kelley,* 8 W. Va.

46. The testimony relating to the contents of the record was secondary, and was improperly admitted.

Defendant's counsel insist that a *prima facie* case of unlawful sale is not established by proof that liquors were found in his building and a government license was issued to him, in the absence of proof that the license was posted in the building where the liquors are found; that the possession of the liquor and the posted license are both essential to make out a *prima facie* case of guilt under the statute. That part of the statute defining the offense reads as follows: "Whenever intoxicating liquors as aforesaid shall be seized in any room, building or place, which has been searched under the provisions of this chapter, the finding of such liquors in such room shall be prima facie evidence of the unlawful sale of the same by the person named in the government license posted in such room, or his agent or employee therein, and the proprietor or other person in charge of the premises where such liquor was found shall be subject to trial by due process of law on the charge of selling or offering liquors unlawfully." The statute is penal, requiring a strict construction, and a majority of the court are of the opinion, and so decide, that the posting of the license in the building in which the liquors are found, in the absence of other evidence tending to prove an actual sale, is essential to make out a *prima facie* case under the statute; that it is not enough to prove the finding of liquors in a building occupied by a person to whom a government license to sell intoxicating liquors has been issued, unless such license is posted. In this view Judge LYNCH and I do not concur. We do not think the posting of the license is material. But, as the statute in question is materially altered by the more recent prohibition statute, the question is not likely to arise again and is, therefore, of little public importance.

The judgment is reversed, the verdict set aside and a new trial awarded.

*Reversed, and new trial awarded.*