ALEXANDER L. A. MACKIE, PLAINTIFF, v. CITY OF BAYONNE, DEFENDANT.

Decided September 24, 1932.

For the plaintiff, *Whiting & Moore*.

For the defendant, *Alfred Brenner* and *James Benny*.

OLIPHANT, C. C. J. This matter was submitted to the court upon an agreed state of facts and upon stipulations entered into between the parties. Voluminous briefs have been filed and carefully considered.

It is a suit in ejectment. The property in dispute is a lot of land in the city of Bayonne. On December 14th, 1892,

it was sold for taxes under the Martin act to the mayor and council of the city of Bayonne. A certificate of sale was issued under date of August 10th, 1893. Notices to redeem under the Martin act were served on the owners on September 29th, 1893. A deed was executed and delivered, dated February 20th, 1895, proved March 4th, 1895, but not recorded until December 23d, 1896. Shortly after the property had been sold for taxes, and before the certificate of sale was issued, and before notices to redeem were served and the deed delivered, Mr. Mackie, the plaintiff in this case, tendered to the collector for the city of Bayonne, the entire amount of taxes due upon this lot with interest and penalty, amounting to $155.79. This tender was made by check and under protest. It was refused by the collector, the reason given being that it was made under protest.

At the time the premises in question were sold for taxes as aforesaid and at the time notices to redeem were served, and at the time the Martin act deed from the collector was executed and delivered, the premises were part of what was known as the Mackie Farm. At that time the entire tract was fenced and the property used for grazing a horse and a cow. Some years thereafter, the fence became in disrepair and the property remained vacant land until on or about June 1st, 1928, when a wire fence was erected by this plaintiff.

Neither the mayor nor the city council of the city of Bayonne, nor any of those claiming title under it by virtue of the deeds in its chain of title ever entered into physical possession of the premises in question until June 14th, 1928. After the fence became in disrepair Mr. Mackie from time to time went upon the property but never made any use of it. There never was any interruption in the continuance of whatever possession he had from the date of the tax sale down to June 14th, 1928, except the right to possession which the city and its successors in title had by virtue of the tax sale and the deeds thereafter given.

On June 14th, 1928, the city of Bayonne entered into actual physical possession of the lot in question, claiming a right to enter under a deed from one Parker, which deed

in turn is part of a chain of title and depending for its validity, in the first instance, upon said tax sale and Martin act deed thereunder.

The plaintiff contends:

1. That the Martin act deed to the city is void because it is not sealed as required by the statute.

2. That because of the failure of the city, and those claiming under it, to enter into possession of the premises in question within twenty years from the time its right of entry accrued, the defendant's right of entry was barred by the sixteenth section of the statute of limitations.

3. That the collector was not justified in rejecting Mr. Mackie's tender of taxes, and that the legal effect of such tender was the same effect as the payment of taxes, and the certificate of sale and deed thereunder were void.

The defendant among other things says that this action in ejectment is a collateral attack upon the validity of the title to the premises in question and cannot, therefore, be successfully prosecuted; the proper remedy being by *certiorari* as provided by section 15 of the Sale of Land act. 4 *Comp. Stat., p.* 4679.

I am of the opinion that this suit is not a collateral attack upon the validity of the title but is a direct attack and is not directed to illegalities and informalities in the proceedings on which the sale was founded.

The fact that the Martin act deed to the city was not sealed as required by the statute is of no avail to the plaintiff. The legislature in 1904 (*Pamph. L.* 1904, *p.* 203; *Comp. Stat., p.* 1540, § 20 *A*) provided that no instrument shall be void for lack of a seal, provided the attestation clause and the acknowledgment of proof shall recite that the same was signed and sealed by the makers thereof. In the present instance the attestation clause and the acknowledgment of proof recited that the same was signed and sealed by the makers thereof.

Under the second contention of the plaintiff, he claims the right to succeed in these proceedings by virtue of the sixteenth section of the act for the limitation of actions (3 *Comp. Stat.,*

*p.* 3169), by reason of the fact that the defendant and its predecessors in title had failed to enter into possession within twenty years after its right of entry accrued. This plaintiff cannot succeed because of defects in the defendant's title but must prevail on the strength of his own title. This defendant and its predecessors in title have been in open, notorious and hostile possession of the property in question for over thirty years by conveyance. The land in question was neither woodland nor an uncultivated tract and this present action is barred by the statute of 1922. *Pamph. L.* 1922, *p.* 315.

Mr. Justice Depue, in *Spottiswoode* v. *Morris and Essex Railroad Co.,* 61 *N. J. L.* 322; 40 *Atl. Rep.* 505, in construing the earlier legislative enactment which is in substantially the same form and is section 1 of the act of June 5th, 1787 (*Gen. Stat., p.* 1972), said: "Possession obtained and held as prescribed by the first section of this act will confer a title paramount to the claims or rights of all other persons." The same reasoning applies to the 1922 statute. Mr. Justice Bodine, in *Conaway* v. *Daly,* 106 *N. J. L.* 207; 148 *Atl. Rep.* 719, said: "The words of the statute must have the same meaning usually accorded such words." The words "thirty years actual possession of any lands * * * uninterruptedly continued by * * * conveyance * * * , in whatever way or manner such possession might have commenced, or have been continued, shall vest a full and complete right and title in every actual possessor or occupier of such lands * * * and shall be a good and sufficient bar to all claims that may be made, or actions commenced by any person or persons whatsoever, for the recovery of any such lands * * *," mean in the present case that the defendant, being in possession by conveyance for thirty years, the property being neither woodland nor an uncultivated tract, is entitled to prevail. This is particularly so inasmuch as there is no proof by the plaintiff that it was ever occupied by him during those thirty years.

With respect to the contention of the plaintiff that the tender of taxes by check has the legal effect of payment of the taxes, and that therefore the certificate of sale and deed

thereunder were void, I am of the opinion that there was no legal payment. The check in question was not accepted, evidently by reason of the fact that it was not an unconditional payment. If it had been accepted, then it would have been considered in lieu of cash, but in view of the fact that it was not accepted, it cannot be considered as payment. Vice-Chancellor Berry, in *Abeles* v. *Guelick et al.*, 101 *N. J. Eq.* 180; 137 *Atl. Rep.* 853, said: "In modern business transactions checks pass as cash, and while not legal tender or actual cash, commerce and trade would be very much restricted, if checks were not accepted in lieu of cash. *Where so accepted* they should be so considered by the courts.

For all the reasons heretofore stated, a verdict will be rendered for the defendant and a *postea* to this effect will be signed.