JOE CONSENTINA *v.* STATE COMPENSATION COMMISSIONER, *and* THE NEW RIVER COMPANY, *a Corporation*

(No. 9612)

Submitted September 7, 1944. Decided September 26, 1944.

*Mahan, Bacon & White,* for appellants.
*Mrs. Lucile C. Jeter,* for appellee.

ROSE, PRESIDENT:

Joe Consentina, by his counsel, under date of April 23, 1943, addressed a communication to the Workmen's Compensation Commissioner regarding the proceedings heretofore had upon a claim for additional compensation filed by him in 1937. In this communication it was stated that he, Consentina, had received an injury May 28, 1924, for which he was awarded compensation on the basis of 65% permanent partial disability, the last payment of which was made May 29, 1929; and that in 1937 an application by him for further compensation was rejected by the Commissioner on the ground that he had been fully compensated; but that the action rejecting the claimant's petition was defective and not final, in that it failed to state the petitioner had thirty days in which to appeal therefrom, and because the claimant was not notified of such right, as required by statute.

The only demand or request made in the communication was as follows:

"The purpose of this letter is to now ask the Commissioner to comply with the law, as it should have been complied with at the time of the May 5, 1937 order."

To this communication the Commissioner replied, under date of May 1st, 1943, saying:

"A short time ago all of the claim files in this department—with a few exceptions covering cases prior to the 27th day of December, 1928—were destroyed. Inasmuch as we have no record of the procedure had in this claim I am, of course, unable to affirm or deny the allegations made by you.

It is the opinion of the Commissioner, however, not to disturb the rulings of former Commissioners when it appears that the claim is barred by the statute of limitations and, therefore, I regret to inform you that the prayer of your petition to the effect that this claim be reopened is denied.

If you desire to appeal from this ruling, you may do so within the statutory period."

On appeal, the Workmen's Compensation Appeal Board reversed the Commissioner by an order dated August 7, 1943, the pertinent part of which reads:

"* * * it is adjudged, ordered and decreed that the order of the Commissioner as of the 1st day of May, 1943, be annulled, set aside and held for naught, that said cause be remanded to the Commissioner with direction to reopen said case and take evidence and develop said case relative to the notice complained of by the claimant, and such other testimony as may be desired, pertinent to the issue."

A hearing was had accordingly before the Commissioner, who, under date of December 29, 1943, entered an order providing:

"* * * that the claim remained closed upon a finding of facts that:

(a)   the Commissioner has lost jurisdiction to reopen and consider this claim upon its merits for the reason that said application for reopening was not filed until after the time had expired for the filing of same as fixed by the Workmen's Compensation Law; (b) that proper showing for reopening of this claim was not made in that the evidence does not show that there was a progression or aggravation in the claimant's physical condition since the date of the last award to the claimant; (c) that the claimant has been amply and properly compensated for disability arising out of his injury by the awards heretofore granted him, and that any disability from which he may now be suffering beyond that covered by the said awards is due to causes other than his injury of May 28, 1924; * * *."

Upon a second appeal, the Board of Appeals reversed the Commissioner, and ordered:

"* * * that the order of the Commissioner as of December 29, 1943, be annulled, vacated, set aside and held for naught; that upon a review of the record the Board is of the opinion that the Commissioner's failure to advise the claimant in his notice of May 5, 1937, that he had thirty days in which to appeal his case, was not a final order, and said claim continued to remain open and the Commissioner continued to retain jurisdiction of this case, and the same being opened, active and pending before the Commissioner, the Act passed by the Legislature of 1939, did not apply to this case.   That upon the rehearing of the same, the Board is of the further opinion, from a review of the evidence, that there was progression and aggravation of claimant's physical condition since the last award by the Commissioner shown, and that said claimant is now permanently and totally disabled.   It is therefore adjudged and ordered that said cause be remanded to the Commissioner with direction to compensate the claimant from the date of the last payment under the previous award and to continue such compensation for the rest of his natural life."

The evidence at the hearing was directed to two questions: (1) Whether the claimant had been notified by the Commissioner that he had thirty days within which to appeal from the Commissioner's decision in 1937; and (2) whether, at the time of taking this evidence, there had been any aggravation and progression of claimant's injury.

The evidence relating to the proceedings before the Commissioner in 1937 could not come from the Commissioner's files or records, since these no longer existed. Secondary evidence of what was done became admissible. *State* v. *Wright,* 76 W. Va. 297, 85 S. E. 540; 22 C. J. 1005; 32 C. J. S. Evidence, section 807. Several letters from the Commissioner to the claimant's attorney were produced, as well as certain carbon copies of papers purporting to have been filed before the Commissioner. All these documents were conceded to be what they purported to be, and were admitted without objection.

From the files of Mr. Clay S. Crouse, the attorney who represented the claimant in the proceedings in 1937, is produced a carbon copy of the petition to the Commissioner, praying for the further award. This copy contains this paragraph:

"The claimant would further respectfully submit that by reason of his failure to place before the Commissioner medical evidence showing a disability greater than 65% (which said 65% disability award expired May 28, 1929) he is not entitled to compensation from May 28, 1929, up to the filing of this application but respectfully submits that he is, under the medical evidence offered in support of this application, entitled to an additional disability award and that payments on said additional disability award should begin as of the time this application and the medical evidence in support thereof is received by the Compensation Department."

The signature is in the form: "JOE CONSENTINA
                    BY_____
                         His Attorney"

Letters from the Compensation Department introduced show clearly that the petition was received and was proceeded on in regular course. On behalf of the employer, there is filed a carbon copy of a report by Dr. J. B. Banks, dated March 25, 1937, and one under date of April 29, 1937, made by Doctors Russel Kessel and Randolph L. Anderson jointly. These reports are addressed to the Compensation Commissioner and purport to have been made at his request.

A letter from the Compensation Commissioner to Mr. Crouse, dated May 5, 1943, from Mr. Crouse's files, reads as follows:

"This claimant has now been examined by the following well known physicians and surgeons:
Dr. Hugh A. Bailey, General Surgeon
Dr. Russel Kessel, General Surgeon
The latter was a former Chief Medical Examiner of this department.
Dr. Randolph L. Anderson, well known
Orthopedic Surgeon,
and by our Medical Advisers, Dr. J. B. Banks and Dr. William A. Thornhill, Jr.
All of these examining physicians report that this claimant has been very fairly compensated by the award of 65% permanent partial disability and that he is not entitled to additional compensation rating. As you know, his award expired on May 29, 1929, and I feel that under the circumstances, I cannot consider re-opening of this claim. I have very carefully reviewed this entire claim, including all reports on file. I am always glad to review any competent medical evidence in such claims."

The claimant testified on his own behalf, but did not say, and was not asked, whether he had received notice from the Commissioner regarding the action taken on his claim in 1937, or whether he received notice that he had thirty days within which to appeal from said action. Mr. P. V. Sutherland, for ten years the chief of the claims department in the Commissioner's office, testified that in 1937 it was the practice that "any ruling made by the

Commissioner at that time was conveyed to the claimant in a letter addressed to him, with copies going possibly to counsel of record and to other interested people, including the employer."

On the question of the aggravation and progression of the claimant's injury, Doctors H. A. Swart and R. L. Anderson were called as witnesses for the complainant. Dr. Swart, who first examined the complainant September 2, 1943, was of opinion that he was then totally and permanently disabled, but makes no statement that this condition is an aggravation or progression of his injury. Dr. Anderson, who examined the claimant on the same day, but without then recalling that he had also examined him in 1937, fixed his then permanent disability at 75%. On comparing his present finding with his report in 1937, he observed certain relatively small matters of progression which he attributes jointly to the claimant's injury and to his advanced years, stating that he is not able to apportion the result discovered between the two causes.

The award of compensation as for total disability, to begin at the date of the last payment of the first award, or on May 29, 1929, appears to have no possible justification in the evidence. There is no showing whatever as to the details of the claimant's physical condition, either in 1924 or 1929, except the right leg was crushed below the knee, and that the injury had necessitated the amputation of his left leg below the knee. An award of 45% permanent disability was made for the left leg, and 20% for the right. The testimony of the claimant makes no pretense of describing his physical condition at any time, nor does it, directly or indirectly, state that his condition is now worse than at the time of his first award. On the contrary, he says that he has been unable to do any work at any time since his injury, thus implying the existence of the same disability from the beginning. The reports of the three doctors, which are in the record, state, in 1937, that the award of 65% was then still adequate. The Commissioner's letter of May 5, 1937, states that five doctors, all chosen by the Commissioner, including the three above

mentioned, found the claimant then adequately compensated, and no evidence at that time contradicted this conclusion. Dr. Anderson, in 1943, found a progression of 10%, an unascertainable part of which he ascribed to the claimant's injury. Dr. Swart fixes the permanent disability at total, but does not state when this degree of disability accrued. Hence, the order of the Appeal Board is clearly erroneous in making the new award run from the date of the last payment of the original compensation.

We think, also, that the evidence fails to sustain the claimant's contention that he was not notified, as required by statute, that he had thirty days in which to appeal from the 1937 order of the Commissioner. The claimant does not say that he was not so notified; the chief of the claims division of the Compensation Department says that, in regular course, the claimant would have received such notice, even though counsel had been advised in another manner. There is thus some evidence that a notice was sent to the claimant. And there is a presumption that the Commissioner sent the notice required by statute. Mechem's Public Offices and Officers, Section 579, p. 379; 31 C. J. S., Evidence, Sec. 139, p. 788. "The law, certainly the law of this jurisdiction, is that a public officer is presumed to have done his duty until the contrary is shown." Opinion, Miller, P., *Mollohan* v. *Cavender*, 75 W. Va. 36, 83 S. E. 78. The letter to Mr. Crouse does not purport to be a formal legal notice, but is, in form, rather a personal letter to counsel reporting the investigation made, the evidence secured, and the reason for the Commissioner's decision. The sending of this letter to counsel does not necessarily imply that the statutory formal notice was not given to the claimant.

But even if no notice had been, in fact, given to the claimant, we consider that his right, if any, to further compensation is barred by Section 16, Article 4 of Chapter 137 of the Acts of 1939, which provides:

"* * * That no further award may be made in either fatal or non-fatal cases arising on account

of injuries occurring prior to March seventh, one thousand nine hundred twenty-nine, unless written application for such award, signed personally by claimant, or, in case of claimant's infancy or physical or mental incapacity, by his or her guardian, next friend, or committee, be filed with the commissioner on or before September fifteenth, one thousand nine hundred thirty-nine. * * *"

This act has been held constitutional when applied as a statute of limitations to a demand under a dormant claim. *Greer v. Workmen's Compensation Commissioner*, 123 W. Va. 270, 15 S. E. 2d 175.

But this statute is something in addition to a statute of limitations. In the first place, the very form of the statute is different from, and more imperative than, the ordinary statute of limitations, or remedial act, which generally provides merely that the parties shall or shall not do certain things in a certain manner or by a certain time. Here, the inhibition is against the public officer, depriving him of power to act. The provision is that "no further award may be made"; rather than that no claim may "be filed". This inhibition is absolute, containing no exceptions and admitting of none. In the second place, the statute makes a change in the procedural method of prosecuting claims for further award in cases of injury occurring before March 7, 1929. It expressly provides that no further award may be made in such cases except upon written application, signed personally by the claimant. It is vigorously urged that this statute cannot be applied to the present case, since the claimant had theretofore filed an application, which was sufficient in form when filed, and, hence, it is said, no statute subsequently passed can make that application insufficient without impairing a vested right of the claimant. But the rule of law is that "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued

or are pending, and future actions." Lewis' Sutherland, Statutory Construction, (Second Edition) Vol II, Section 674. In *McShan* v. *Heaberlin, State Compensation Commissioner,* 105 W. Va. 447, 143 S. E. 109, Judge Litz, speaking for the Court, quotes with approval this statement from Sutherland. In *Bankhead* v. *Baughman,* 115 W. Va. 483, 176 S. E. 854, a demurrer in writing, but not assigning ground, required by the Code of 1931, was filed (as shown by the record, but not by the opinion) before that Code went into effect. Judge Maxwell, discussing this demurrer, says: "True, this statute was not effective when this suit was instituted, but it became effective while the suit was pending in the trial court. Inasmuch as the statute relates only to incidents of procedure, it became operative at its effective date as to suits and actions then pending." The demurrer was disregarded. In *Moore* v. *McNutt,* 41 W. Va. 695, 24 S. E. 682, Judge Brannon, in discussing the applicability of a statute relating to the sale of delinquent lands by a commissioner of school lands, says:

> "* * * It has been said that an act repealing, or in any wise modifying, the remedy of a party by action or suit, should not be construed to affect actions or suits brought before the repeal or modification. While this statement is probably too broad, it is nevertheless true that where the effect of the legislation is not to take away the jurisdiction or right previously existing, nor to deny a remedy for its enforcement substantially like the one previously allowed, but merely to change the remedy, the right and jurisdiction continue under the form directed by the new act, where it applies, or else under the old law. End. Interp. St. Section 482. *If advisable, the pending proceeding should be amended to conform to the new statute.* * * * " (Emphasis supplied.)

The general rule is stated in Lewis' Sutherland Statutory Construction (Second Edition) Vol. II, Section 674, thus: "But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand,

*unless an intention to the contrary is plainly manifested;*
and pending cases are only affected by *general words* as to
future proceedings from the point reached when the new
law intervened." (Emphasis supplied.) But we are here
dealing, not with "general words" but with language
specifically applying to pending and past cases. The
statute, in fact, expressly deals with none but "cases
arising on account of injuries occurring prior to March
seventh, one thousand nine hundred twenty-nine." It
must have a retroactive application or none. It must apply
to accrued and pending cases or to none at all. All cases
arising from injuries prior to March 7, 1929, were neces-
sarily accrued at the time of the enactment of this pro-
vision; and, of course, the words "further award" imply
a former award and a pending proceeding under the Com-
missioner's "continuous jurisdiction". True, claimant's
case may be considered pending in a different way from
one in which there is no supplemental application for
further award. All cases in which any award had ever
been made were still "pending" when this statute was
enacted; but pendency of the case, in this sense, did not
prevent the applicability of the statute in *Greer* v. *Work-
men's Compensation Commissioner, supra.* It is not seen
how the pendency of an ancillary or supplemental proceed-
ing can be any more immune from the statute than the
main case. The fact is that courts have no aversion to "ret-
roactive" statutes, if such enactments are clearly intended
so to operate, and such operation does not impair a vested
right of any party, and if a reasonable time is given af-
fected parties to comply with its provisions. In the present
instance, the claimant had only to file, before September
15, 1939, a written application, signed by himself, in order
to save any rights he might have. This was no more
hardship on him than on those who had no supplemental
application pending. A six-months' period was allowed by
the statute for compliance therewith. This period was
adequate to prevent the act from being unconstitutional.
*Greer* v. *Workmen's Compensation Commissioner, supra.*

Finally, we cannot ignore the perfectly patent object

of the statute in question, which clearly is to put an end to ancient claims, with the impossibility of their solution with any degree of certainty, and the worse danger of fraud after witnesses become unavailable. Such statutes are not abhorred, but favored by the courts. *Hoge* v. *Blair*, 105 W. Va. 29, 141 S. E. 444. We consider, therefore, that any right to a further award which the claimant may have had is also barred because no application in writing, signed by the claimant in person, was filed therefor on or before September 15, 1939.

The order of the Appeal Board is, therefore, reversed and the case dismissed.

*Reversed, dismissed.*