The sole issue presented to this court for determination is whether the petitioner's claim in the Workmen's Compensation Bureau for additional compensation for injuries resulting from an industrial accident was filed within "two years after the last payment of compensation" by the employer.
In 1943, the petitioner was awarded compensation which included weekly payments over a period of fifty weeks. Thereafter, weekly checks in the proper amount were delivered to the petitioner and final payment was by a check dated March 4, 1944, to the order of the petitioner. This check was received by the petitioner, endorsed by him in blank, and deposited by him in his bank on or before March 8, 1944. On the following day, March 9, 1944, the check was duly presented to and honored by the drawee bank which debited the employer's account. The petition was filed on March 9, 1946, and both parties concede that if the date of the "last payment," as expressed in R.S. 34:15-51, was March 8th or earlier then the petition was filed out of time; if, on the other hand, the date of last payment within the statutory contemplation was not until March 9, 1944, when the check had cleared and been honored by the drawee bank then the petition was filed within time.
The principles which ordinarily govern the issue of when delivery of a check constitutes payment were expressed inFranciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456,24 Pac.2d 718 (Sup. Ct. 1933), as follows: *Page 214 
"The delivery of a check does not, ordinarily, per se,
constitute payment in a legal sense. 3 Williston on Contracts,
§ 1922. However if, when the check is delivered, the drawer has funds in the drawee bank to meet it, and if the check is, upon presentment, honored and paid, as was the situation in the instant case, payment will be deemed to have been made as of the time of the delivery of the check. See Hunter v. Wetsell,84 N.Y. 549, 38 Am. Rep. 544; Burstein v. Sullivan,134 App. Div. 623, 119 N.Y.S. 317; Langridge v. Dauenhauer,120 La. 450, 45 So. 387; 21 R.C.L., p. 70."
See, also, Hooker v. Burr, 137 Cal. 663, 70 Pac. 778
(Sup. Ct. 1902); affirmed, 194 U.S. 415 (1904), and cases cited in 40 Am. Juris. p. 775 (1942). Cf. Carson v. JerseyCity Insurance Co., 43 N.J.L. 300 (Sup. Ct. 1881); affirmed,14 N.J.L. 210 (E. A. 1882). The legal concept that a check (duly honored thereafter) is payment upon its delivery to and acceptance by the payee is in accord with common business understanding. See Abeles v. Guelick, 101 N.J. Eq. 180, 182
(Ch. 1927); Mackie v. Bayonne, 10 N.J. Misc. 1055, 1059 (Sup. Ct. 1932).
Petitioner, while recognizing the foregoing authorities, contends that they should not be applied to defeat an employee's claim under the Workmen's Compensation Act. He urges that, for purposes of that Act, payment should be deemed not to take effect until the date on which the check is actually honored by the drawee bank but cites no pertinent supporting cases or statutory language. The two year limitation from the date of the employee's receipt and acceptance of a check (duly honored thereafter) furnishes a wholly reasonable and definite period within the employee's knowledge; in contrast, the construction urged by the petitioner would start the two year period on an uncertain date thereafter, unknown to the employee. Cf. Oldfield v. New JerseyRealty Co., 1 N.J. 63, 66 (1948). We see no special virtue in the latter construction and in the absence of anything in the Workmen's Compensation Act indicating an affirmative legislative purpose to create an isolated exception to the generally established rule as to when receipt and acceptance of a check is payment, we do not consider ourselves free to do so.
The judgment below is reversed. *Page 215