WALTER C. BAKER

*v.*

STATE COMPENSATION COMMISSIONER

AND

ISLAND CREEK COAL COMPANY

(No. 10972)

Submitted April 22, 1958.  Decided May 6, 1958.

*Franklin W. Kern,* for appellant.

*Patrick J. Flanagan,* for appellee.

BROWNING, JUDGE:

Island Creek Coal Company, hereinafter referred to as employer, appeals from an order of the Workmen's Compensation Appeal Board of February 7, 1958, reversing an order of the State Compensation Commissioner of August 9, 1957, holding that the claim of Walter C. Baker, claimant, was barred from further consideration by virtue of the provisions of Chapter 23, Article 4, Section 16 of the Code, as amended, and remanding the claim to the Commissioner for further consideration.

Claimant was injured in the course of his employment with the employer on May 2, 1955. The claim was held compensable, employer protested, and, after hearing, the compensability was affirmed. On April 20, 1956, claimant was awarded a five (5) per cent permanent partial disability for his injury, payable at the rate of thirty ($30.00) dollars weekly from the date of injury. The balance due claimant was then $394.28, and a check for that amount, thus paying the claim in full, was issued by the Commissioner on April 23, 1956, and mailed to the employer for delivery to the claimant. It is undisputed that claimant did not receive the check until May 5, 1956.

Claimant, by letter dated April 20, 1957, which was received by the Commissioner on April 26, 1957, petitioned the Commissioner for a reopening and reconsideration of his claim, stating his condition had grown worse, "My back seems weaker and I now have more pain. At times I have trouble with my left leg. This condition has come on recently." He also stated that he was being examined by a physician and as soon as the physician's report was

received it would be forwarded to the Commissioner in support of his petition for reopening. Such report, dated July 15, 1957, and recommending a fifteen per cent permanent disability rating, was received by the Commissioner on July 17, 1957.

On August 9, 1957, the Commissioner entered an order holding the claim barred from further consideration, inasmuch as more than one year had elapsed since the last payment under the previous permanent partial disability award, such order being transmitted by letter dated August 12, 1957. Counsel for claimant, by letter of August 22, 1957, requested the necessary appeal forms stating: "This is to notify both the Compensation Commissioner and the Workmen's Compensation Appeal Board that the above named claimant, Walter C. Baker, hereby appeals to the Workmen's Compensation Appeal Board from the ruling of the Commissioner dated August 9, 1957, * * *." The Commissioner, on August 27, 1957, sent the requested forms, the letter of transmittal stating: "In accordance with the rules of the board, we are enclosing eight copies of formal notice of protest, seven of which must be filed with the Commissioner within thirty days from receipt of notice of the action complained of." These forms were completed and returned by counsel for claimant under date of October 4, 1957.

As heretofore stated, the Appeal Board reversed the Commissioner and remanded the claim for further development, from which action the employer appeals.

Chapter 23, Article 4, Section 16, provides: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, however, that no further award may be made * * * in case of nonfatal injuries * * * [except] within one year after the commissioner shall have made the last payment in any permanent disability case * * *. In any case in which an injured employee shall

make application for a further adjustment of his claim, if such application be in writing and filed within the applicable time limit as prescribed herein, the commissioner shall pass upon and determine the merits of such application within thirty days after the filing thereof."

The statute imposing a time limitation upon the right of appeal to the Workmen's Compensation Appeal Board, from an order of the Commissioner refusing to reopen a claim is as follows: Code, 23-5-1b, as amended: "If, however, in any case in which application for further adjustment of a claim is filed * * * [and is denied] the commissioner shall, within sixty days from receipt of such application, notify the claimant and the employer * * *. Such notice shall be in writing and shall state the time allowed for appeal to the appeal board from such decision of the commissioner. The claimant may, within thirty days after receipt of such notice, apply to the appeal board for a review of such decision."

Rule 1 of the Rules of the Workmen's Compensation Appeal Board, heretofore approved by this Court, prescribes the form for an appeal to that body and provides: "(Note: Four copies of this or a similar form of notice must be filed with the State Compensation Commissioner, within 30 days from Receipt of Notice, or in any event, regardless of notice, within 60 days after the action complained of.)"

The employer contends that, under the statutes and rules stated above: (1) The Appeal Board was without jurisdiction to consider the appeal; and (2) the order of the Commissioner was correct because: (a) nothing was filed by the claimant prior to May 5, 1957, disclosing any cause for further adjustment; (b) medical evidence in support of the petition was not received until July 17, 1957, more than one year and sixty days after May 5, 1956; (c) claimant's claim became barred on April 23, 1957, one year from the date the last payment was issued by the Commissioner; and (d) a valid ground for denying the reopening existed, that is, that there was no showing of

any progression or aggravation, or any new fact not theretofore considered by the Commissioner, although not stated in the Commissioner's order.

The date of the last payment under the five per cent permanent partial disability award was May 5, 1956. Within one year thereafter, and on April 26, 1957, the application for further consideration of the claim was received in the office of the Commissioner. The medical report in support of the application was not received by the Commissioner until July 15, 1957, or more than one year after the date of the last payment of compensation. The Commissioner, in his order of August 9, 1957, found that the claim was barred from further consideration by provisions of the statute, inasmuch as the claimant's application for reopening "dated July 15, 1957" was not filed within one year subsequent to the date of the last payment of compensation. The Board reversed the Commissioner's order, and in a written opinion relied primarily upon the decision of this Court in *Wilkins* v. *Commissioner*, 120 W. Va. 424, 198 S. E. 869, and a decision of this Court by order styled *Rogers* v. *Compensation Commissioner*, No. 9830, entered May 28, 1946. In the *Wilkins* case, both a petition for reopening of the claim and a medical report in support thereof were filed within the statutory period, although, with the consent of the Commissioner, a ruling upon the application was withheld for several months until another medical report was submitted. In the *Rogers* case, the claimant had been awarded compensation on a temporary total disability basis, and, within the three year statutory period after receiving his last payment of compensation, he had requested in writing to be examined by a physician to determine his permanent partial disability, if any. Furthermore, in the *Rogers* case, the rights of the claimant were protected by Federal legislation applicable to persons serving in the armed forces during the Second World War. Both of those cases may be distinguished from the instant case.

This Court does not deem it necessary to determine any issues raised upon this appeal except that of jurisdiction

of the Appeal Board. Code, 23-5-2, as amended, provides that: "* * * The board shall, from time to time, compile and promulgate such rules of practice and procedure as to it shall appear proper for the prompt and efficient discharge of its business and such rules shall be submitted to the supreme court of appeals for approval, and if approved by such court shall have the same force and effect as the approved rules of procedure of circuit courts." Pursuant to the provisions of this section, rules were submitted by the Appeal Board and approved by this Court on July 30, 1942. One of those rules provides that an aggrieved party must file with the Commissioner a set of prescribed forms, or similar thereto, directed to the Workmen's Compensation Appeal Board, within thirty days after receipt of notice of the order complained of. In this case, such forms were not filed with the Commissioner until approximately fifty days subsequent to notice of the Commissioner's order of August 9, 1957, although such forms were requested by counsel for the claimant by letter dated August 22, 1957.

This Court held in *Barton v. State Compensation Commissioner, et al.,* No. 10773, decided by order of this Court on January 24, 1956, and in *Viars v. Workmen's Compensation Appeal Board, State Compensation Commissioner,* and *Pond Creek Pocahontas Company,* No. 10904, decided by order of this Court on December 19, 1957, that when the rule of the Board, requiring the filing with the Commissioner of the forms designated by the Board for perfecting an appeal, was not complied with, the Board lost jurisdiction to further consider the case. Those two cases are in point and determinative of the primary issue presented upon the appeal in this case. The Board was without jurisdiction to consider the appeal, and for that reason alone the order of the Board, dated February 7, 1958, is reversed, and remanded with the direction that the order of the State Compensation Commissioner of August 9, 1957, be reinstated.

*Reversed and remanded with directions.*