LAWRENCE C. STROUPE

*v*

WORKMEN'S COMPENSATION COMMISSIONER *et al*

(No. 12607)

Submitted January 11, 1967. Decided January 31, 1967

416

*Dayton, Campbell & Love, George W. S. Grove, Jr.,* for appellant.

*Edmund D. Wells, Jr.,* for appellees.

CALHOUN, PRESIDENT:

This case is before the Court on an appeal by the employer, United States Steel Corporation, from an order entered by the Workmen's Compensation Appeal Board on July 6, 1966, which reversed a ruling made by the Workmen's Compensation Commissioner on February 17, 1966, by which the commissioner held that the application of the claimant, Lawrence Stroupe, for a reopening and further adjustment of his claim was not made within one year as required by Code, 1931, 23-4-16, as amended.

The basic question presented to this Court for decision is whether the appeal board erred in its holding that the claimant's application for a reopening and further adjustment of his claim was made within the one-year statutory period. The case was submitted for decision on written briefs and oral arguments of counsel for the claimant and for the employer.

Lawrence C. Stroupe, the claimant, sustained an injury on December 26, 1962. The commissioner held that the claim was compensable and, on February 25, 1964, granted the claimant an award of twenty percent permanent partial disability benefits. Following the claimant's protest, hearings were held and, on October 28, 1964, the commissioner affirmed his previous ruling. The twenty percent award amounted to $3,040, but was reduced by $1,715.43, the aggregate sum of temporary total disability benefits previously paid, thus leaving a balance of $1,324.57 due the claimant.

Inasmuch as United States Steel Corporation, the employer, provided its own system of compensation pursuant to the provisions of Code, 1931, 23-2-9, as amended, the claimant was not paid by the commissioner's checks, but instead, on December 2, 1964, the commissioner issued a "pay order" directing the employer to pay the unpaid balance of the award to the claimant. The unpaid balance was $1,248.57. The commissioner also reissued a pay order for $76.00 which had been returned to the commissioner in connection with the claimant's protest. These pay orders were received by the employer on December 8, 1964. The employer sent to the claimant its check for $1,324.57, the aggregate amount of the two pay orders. The record does not disclose the date of the issuance of the check by the employer or the date it was received by the claimant. The record contains a notice dated December 15, 1964, directed by the employer to the claimant, which notice contains instructions concerning the check and the pay orders. Counsel for the employer contend that the check was mailed by the employer to

the claimant on December 15, 1964, but this contention is not substantiated by the record.

On January 7, 1965, about three weeks subsequent to the date of the notice containing instructions concerning the check and accompanying pay orders, the claimant wrote a letter to the commissioner with which he enclosed the employer's check for $1,324.57, and in which letter he stated that he declined to accept the check because he believed the award was insufficient in amount. This letter was received by the commissioner on January 8, 1965. Apparently the two pay orders were sent to the commissioner with the letter.

By a letter dated January 19, 1965, the claimant was advised by the commissioner's legal division that the commissioner's order of October 28, 1964, which embodied the twenty percent award, had "become final by operation of law inasmuch as no appeal was taken within the statutory period"; that the twenty percent award had therefore become final; and that proper instructions were being given for the return of the check for $1,324.57 to the claimant. The check and the two pay orders were mailed from the commissioner's office to the employer with a letter dated January 20, 1965. The check and the two pay orders were returned by the employer to the claimant who, on January 26, 1965, acknowledged receipt of the check by signing the two pay orders.

On January 21, 1966, the commissioner received the claimant's application for a reopening and further adjustment of his claim. On December 29, 1965, counsel for the employer wrote a letter to the commissioner, which was received by him on December 30, 1965, stating that the commissioner had lost jurisdiction because the application for reopening was not filed within the one-year statutory period. On January 31, 1966, the commissioner ruled that a proper showing for a reopening had been made, but this ruling was set aside by the commissioner on February 17, 1966, on the ground that the application for reopening was not

filed within the one-year statutory period prescribed by Code, 1931, 23-4-16, as amended, and that the commissioner, therefore, ''was without jurisdiction to further ·consider'' the claim.

On the claimant's appeal, the appeal board, on July 6, 1966, held that the application for reopening was timely and reversed the commissioner's ruling. In its opinion the appeal board stated: ''The record discloses that the final payment on the award was [made] on January 26, 1965. The petition for reopening was dated January 21, 1966, and received in the legal division on that date.'' From the foregoing quotation, it is obvious that the appeal board regarded the date on which the claimant signed the pay orders as the date of the ''last payment'' on the award. This is the proposition that counsel for the claimant asserts on this appeal. On the other hand, counsel for the employer contend that the date the check was first received by the claimant from the employer should be regarded as the date of the ''last payment'' within the meaning of the statute; and that it is obvious that the claimant had the check in his possession on January 7, 1965, the date on which he sent the check to the commissioner with his letter stating that he declined to accept the award.

Code, 1931, 23-4-16, as amended, provides that no further award may be made by the commissioner ''except * * * within one year after the commissioner shall have made the last payment in any permanent disability case: * * *.'' It has been held repeatedly that the one-year statutory time limitation is jurisdictional. *Cook v. Compensation Commissioner*, 113 W. Va. 370, 168 S. E. 369; *Madden v. State Compensation Commissioner*, 113 W. Va. 576, 169 S. E. 170; *Wilkins v. State Compensation Commissioner*, 120 W. Va. 424, 427-28, 198 S. E. 869, 871; *Turner v. State Compensation Commissioner*, 123 W. Va. 673, 677, 17 S. E. 2d 617, 619; *Consentina v. State Compensation Commissioner*, 127 W. Va. 67, 75, 31 S. E. 2d 499, 503; *Dudash*

*v. State Compensation Commissioner,* 145 W. Va. 258, pt. 1 syl., 114 S. E. 2d 475.

This Court has heretofore regarded the date on which the claimant receives the commissioner's check as the date of the making of "the last payment in any permanent disability case" within the meaning of Code, 1931, 23-4-16, as amended. In *York v. State Compensation Commissioner,* 128 W. Va. 16, 35 S. E. 2d 353, the Court was required to determine the date of the making of the last payment under the statutory provision involved in the instant case. In that case, the commissioner's check was dated July 9, 1942, but it was not deposited by the claimant until August 11, 1942. The date the claimant received the check from the commissioner did not appear from the record. The application to reopen the claim was dated, and apparently filed, on July 15, 1943. The claimant testified that he had the check in his possession for two or three weeks. The Court held that the date the check was received by the claimant should be regarded as the date of the last payment. In determining that the check was received by the claimant more than one year before the date the application for reopening was filed, the Court used the following language (128 W. Va. at page 22, 35 S. E. 2d at page 355):

"Under the provisions of the section in question it is a matter of considerable importance to establish a rule under which the date of payment can be clearly understood in those cases where the time of the check's receipt by the claimant is not established.

"There are many obvious reasons against regarding the date of the check's use by the claimant as creating a presumption as to the time of payment, thus enabling the claimant to influence the continuance of the Commissioner's transaction. In this case its receipt admittedly was several weeks before its deposit. * * *"

*Baker v. State Compensation Commissioner,* 143 W. Va. 536, 103 S. E. 2d 391, involved the question whether the claimant's application for a reopening of his claim had been filed within the one-year statutory period. The commissioner's check was issued on April 23, 1956, and mailed to the employer for delivery to the claimant, but it was undisputed that the claimant did not receive the check until May 5, 1956. The Court held (143 W. Va. at 540, 103 S. E. 2d at 393): "The date of the last payment * * * was May 5, 1956."

Counsel for the claimant contends that the initial delivery of the check by the employer to the claimant constituted a mere tender of payment rather than payment. We are of the opinion that this contention lacks merit. A claimant should not be permitted to postpone the commencement of the running of the one-year statutory period merely by his action in delaying his negotiation or use of the check, as was the situation in the *York* case, or by his act of returning a valid and proper check, as was the situation in this case. The claimant in this case, in sending the check to the commissioner, did not contend that the computation of the balance due on the award was erroneous or that the check was otherwise improper. The only reason he assigned in his letter to the commissioner was that he was not satisfied with the amount of the award, which had previously become final.

It is true that, "In the absence of a special agreement to the contrary the acceptance of a check in payment is conditional upon the integrity of the check." *Hare v. Connecticut Mutual Life Insurance Company,* 114 W. Va. 679, syl., 173 S. E. 772. See also *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W. Va. 160, 133 S. E. 2d 770, and numerous additional cases cited in that case. "On the other hand, where a check delivered to a creditor, although without any agreement or consent on his part to receive it as absolute payment, is in fact paid in due course, the debt is dis-

charged *pro tanto,* as of the time at which the check was received; * * *." 70 C.J.S., Payment, Section 24 at page 235. See also *State of West Virginia ex rel. Department of Unemployment Compensation v. Continental Casualty Company,* 130 W. Va. 147, 153, 42 S. E. 2d 820, 824; *Paris v. Carolina Builders Corporation,* 244 N.C. 35, 92 S. E. 2d 405; *Hayes v. Federal Shipbuilding & Dry Dock Co.,* 5 N.J. Super. 212, 68 A. 2d 766; *Ruppert v. Edwards,* 67 Nev. 200, 216 P. 2d 616; 40 Am. Jur., Payment, Section 86, page 775. Numerous additional court decisions to the same effect are cited in the authorities listed immediately above.

We are of the opinion that the rule stated in *York v. State Compensation Commissioner,* 128 W. Va. 16, 35 S. E. 2d 353 and in *Baker v. State Compensation Commissioner,* 143 W. Va. 536, 103 S. E. 2d 391, is sound. In the instant case, we reaffirm that rule and continue to adhere to it. We are of the opinion that when benefits are paid to a claimant by an employer which has elected to provide its own system of compensation pursuant to Code, 1931, 23-2-9, as amended, the same rule should be applied. Payments of benefits by such an employer are made in accordance with the workmen's compensation statutes and pursuant to the directions of the commissioner. While the date the claimant initially received the employer's check is not shown by the record, it does appear from the record clearly and without dispute that the claimant had the check in his possession at least as early as January 7, 1965. The application for reopening of the claim was filed more than one year thereafter. In such circumstances, the commissioner was without jurisdiction to reopen the claim and to make a further award to the claimant.

Counsel for the claimant contends that the decision of the appeal board embodies a finding of fact and that this Court should not reverse such a finding unless it is clearly wrong, by reason of the provisions of Code, 1931, 23-5-4a, as amended, and applied

by the Court in numerous cases, including *Burr v. State Compensation Commissioner,* 148 W. Va. 17, pt. 4 syl., 132 S. E. 2d 636. We recognize the correctness of the legal principle which forms the basis of this contention but we are of the opinion that it is not applicable to the facts of this case. The appeal board's decision embodies a decision of a question of law which is based upon facts which are without any material dispute.

We have carefully considered other contentions made by brief and oral argument by counsel for the claimant but are of the opinion that all such contentions are without merit.

For reasons stated in this opinion, the decision of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the Workmen's Compensation Commissioner with directions to dismiss the proceeding.

Judge Browning did not participate in the consideration and decision of this case. Judge Haymond, deeming himself disqualified, did not participate in the consideration and decision of this case.

*Reversed and remanded with directions.*