Argued September 16, reversed December 16, 1970

CORNELL, *Respondent, v.* STIMSON LUMBER
COMPANY, *Appellant.*
477 P2d 898

*Paul N. Daigle*, Portland, argued the cause for appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and A. Allan Franzke, Portland.

*John J. Haugh*, Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Donald N. Atchison, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN and HOWELL, Justices.

HOWELL, J.

Plaintiff filed this suit for a declaratory judgment requesting a declaration of rights under a compensation agreement with defendant, the plaintiff's employer. The trial court entered a decree in favor of the plaintiff, and defendant appeals.

The sole issue is whether a bank draft which is subsequently honored when presented for payment discharges the debt as of the date the draft is received by the creditor or as of the date the draft is presented for payment.

Most of the facts were stipulated.

The plaintiff, who was accidentally injured in the course of his employment, entered into a compensation agreement with his employer. The agreement provided that if plaintiff suffered an aggravation of his disability, the employer would continue paying compensation "upon application made within two

years from the last payment of compensation hereunder." Periodic payments of compensation and medical expenses were paid to plaintiff for a permanent partial disability. On February 14, 1967, the defendant mailed to plaintiff's attorneys a draft payable jointly to plaintiff and his attorneys. The payment was the last payment made to plaintiff and was received by plaintiff's attorneys on February 15, 1967. The draft was a "payable through" draft and was drawn on the Sayre & Toso Loss Account at the Wilshire-Mariposa, California, Branch of the Bank of America. Plaintiff's attorneys did not deposit the draft until April 3, 1967, because they were attempting to determine if the amount was correct. After determining that the amount was correct, the plaintiff's attorneys deposited the draft for collection with the First National Bank in Portland, who forwarded it to the drawee's bank and it was honored on April 5, 1967.

Subsequent to February 14, 1967, plaintiff experienced an aggravation of his disability, and on February 25, 1969, made application to defendant for compensation for the aggravation of the original injury. The application was denied, because it was not timely filed.

If the "last payment of compensation" to plaintiff is considered to have been made when plaintiff's attorney received the draft on February 15, 1967, then plaintiff's application of February 25, 1969, for aggravation was not timely made; if the date of last payment is considered to be the date the draft was honored, April 5, 1967, then such application was timely made.

■ The trial court erred in finding that the draft

did not constitute payment until it was received and honored by the drawee bank on April 5, 1967.

 The plaintiff relies on the general rule that the giving of a draft or a bank check by a debtor for the amount of indebtedness to the payee is not, in the absence of an express or implied agreement, a payment of the debt. 40 Am Jur 763, Payment § 72. However, insofar as time of payment is concerned, plaintiff has overlooked the established rule that on payment of the draft or check, the debt is deemed discharged as of the time the check was given. *Hayes v. Federal Shipbuilding & Dry Dock Co.*, 5 NJ Super 212, 68 A2d 766 (App Div 1949); 40 Am Jur 775, Payment § 86; 70 CJS 235, Payment § 24; Bailey, *Brady on Bank Checks* 32, § 1.18 (4th ed 1969).

The rule is the same when payment has been made to an injured employee in workmen's compensation cases. In *Stroupe v. Workmen's Compensation Commissioner*, 151 W Va 415, 152 SE2d 544 (1967), the compensation statute required the application for an additional award to be filed within one year after the last payment in a permanent disability case. The employee returned the employer's check to the compensation commissioner because he was dissatisfied with the amount of the award. The commissioner advised the employee that the award had become final and the check was returned to and cashed by the employee. The court held that the date the check was first received by the employee was the date of "last payment" and stated:

"It is true that, '* * * [i]n the absence of a special agreement to the contrary, the acceptance of a check in payment is conditional upon the integrity of the check.' [Citing cases.] 'On the other hand, where a check delivered to a creditor, al-

though without any agreement or consent on his part to receive it as absolute payment, is in fact paid in due course, the debt is discharged *pro tanto*, as of the time at which the check was received; * * *.' " 152 SE2d at 548. [Citing authorities.]

See also *Duke v. Sun Oil Company*, 320 F2d 853 (5th Cir 1963); *Paris v. Carolina Builders Corporation*, 244 NC 35, 92 SE2d 405 (1956); *Hayes v. Federal Shipbuilding & Dry Dock Co., supra; State v. Continental Casualty Co.*, 130 W Va 147, 42 SE2d 820 (1947); *York v. State Compensation Com'r.*, 128 W Va 16, 35 SE2d 353 (1945).

We may accept plaintiff's argument that a "payable through" draft is not the same as a check.[1] However, there is no valid reason why a "payable through" draft should be treated differently from an ordinary draft or check for purposes of time of payment once the draft has been presented and honored. The comment of the court in *Stroupe v. Workmen's*

---

[1] ORS 73.1040 defines a negotiable instrument as follows:

"(1) Any writing to be a negotiable instrument within ORS 73.1010 to 73.8050 must:

 (a) Be signed by the maker or drawer; and

 (b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by ORS 73.1010 to 73.8050; and

 (c) Be payable on demand or at a definite time; and

 (d) Be payable to order or to bearer.

(2) A writing which complies with the requirements of this section is:

 (a) *A 'draft' ('bill of exchange') if it is an order.*

 (b) *A 'check' if it is a draft drawn on a bank and payable on demand.*" (Emphasis supplied.)

(Continued on page 220)

*Compensation Commissioner, supra,* is particularly appropriate to the instant case:

> "A claimant should not be permitted to postpone the commencement of the running of the one-year statutory period merely by his action in delaying his negotiation or use of the check, * * * or by his act of returning a valid and proper check, as was the situation in this case." 152 SE2d at 547. See also *York v. State Compensation Com'r., supra.*

The decree of the circuit court is reversed.

---

(Continued from page 219)

ORS 73.1200 states the following concerning "payable through" drafts:

"An instrument which states that it is 'payable through' a bank or the like designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument."

The following comment appears in Sec. 3–120 of the Uniform Commercial Code concerning "payable through" drafts:

"Purposes: Insurance, dividend or payroll checks, and occasionally other types of instruments, are sometimes made payable 'through' a particular bank. This section states the commercial understanding as to the effect of such language. The bank is not named as drawee, and it is not ordered or even authorized to pay the instrument out of the drawer's account or any other funds of the drawer in its hands. Neither is it required to take the instrument for collection in the absence of special agreement to that effect. It is merely designated as a collecting bank through which presentment is properly made to the drawee."