JOSEPH J. POLCARO, PETITIONER-APPELLANT, v. CITY OF EAST ORANGE, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Submitted November 6, 1972—Decided November 27, 1972.

Before Judges COLLESTER, LEONARD and HALPERN.

*Mr. Charles J. Farley, Jr.,* attorney for appellant.

*Mr. John W. Taylor,* attorney for respondent.

PER CURIAM. In this workmen's compensation case petitioner appeals from an order of the Division dismissing his application for review or modification of a formal award which had been entered by judgment dated July 27, 1965, as amended on August 13, 1965.

Petitioner's original award was grounded upon a head injury. Following that award petitioner suffered mental problems and was placed in various mental institutions and hospitals. Finally, in 1968 a brain operation (prefrontal lobotomy) was performed.

The application for review or modification was filed in August 1968. The last payment of compensation to petitioner under the original award was made (according to petitioner's application) in March 1966. Thus, petitioner's application for review or modification was not filed within the two-year time limit mandated by *N. J. S. A.* 34:15–27.

In this appeal petitioner contends solely that mental incapacity should toll the two-year time limitation set forth in *N. J. S. A.* 34:15–27. He argues that petitioner's condition prevented him from understanding and pursuing his administrative rights and remedies. In spite of the sympathy that arises in favor of petitioner, we conclude that his contention is without merit. Under the facts here existing the Division had no jurisdiction to entertain a claim petition filed after the expiration of the time designated in the above statute. *DeAsio v. Bayonne*, 62 *N. J. Super.* 232, 235–236 (App. Div. 1960), certif. den. 33 *N. J.* 386 (1960) Thus, the special and limited statutory jurisdiction of the Division cannot here be inflated. *DeAsio, supra*, 62 *N. J. Super.* at 236. *Beese v. First National Stores*, 52 *N. J.* 196 (1968) is inapposite.

The Workmen's Compensation Act contains no provision similar to *N. J. S. A.* 2A:14–21, which tolls the statutes of limitations applicable to certain specific actions at law during the period of plaintiff's insanity. The desirability of including a similar provision in our Compensation Act is for the Legislature to decide.

Petitioner's claim of fraud is without support in the record and in any event is without merit.

Affirmed.