823 A.2d 58 (2003)
360 N.J. Super. 324
James BEY, Petitioner-Appellant,
v.
TRUSS SYSTEMS, INC., Respondent-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 2003.
Decided May 23, 2003.
McGovern, Provost & Colrick, attorneys for appellant (Edward F. Colrick, of counsel and on the brief).
Charles Peter Hopkins, II, Shrewsbury, attorney for respondent (Jurij W. Ratych, on the brief).
Before Judges STERN, COLLESTER and ALLEY.
The opinion of the court was delivered by COLLESTER, J.A.D.
Petitioner James Bey appeals from an order entered by Judge of Compensation, Andrew M. Smith, Jr., dismissing his application for review and modification of a *59 formal award of compensation, pursuant to N.J.S.A. 34:15-27, on grounds of lack of jurisdiction. We affirm.
The facts are undisputed. Petitioner suffered a work-related injury to his neck, head and back on July 18, 1995. Following the filing of his petition for permanent injury, his claim was settled at twenty-four percent partial total disability with an award of 144 weeks of disability payments at the rate of $140.50 per week. An order approving the settlement was entered by the Division of Workers' Compensation ("the Division") on November 26, 1996.
On October 17, 2000, petitioner filed an application for modification of the formal award pursuant to N.J.S.A. 34:15-27. Respondent answered on November 14, 2000, raising the defense of the statute of limitations. In pertinent part the statute reads:
A formal award, determination and rule for judgment or order approving settlement may be reviewed within 2 years from the date when the injured person last received a payment upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased. If any party entitled to a review under this section shall become insane within the aforesaid 2-year period, his insanity shall constitute grounds for tolling the unexpired balance of the 2-year period which shall only begin to run again after his coming to or being of sound mind.

[N.J.S.A. 34:15-27.]
Petitioner was incarcerated in the Monmouth County Jail from July 24, 1998 until November 16, 1998. During this time, the compensation carrier issued the last two checks payable under the 1996 award and sent them to petitioner's address at 18 Union Avenue in Freehold, where he was a tenant at premises owned by a Mr. Kluesener. The first check was sent on August 4, 1998. Petitioner authorized Mr. Kluesener to endorse and cash the check on petitioner's behalf to pay his rent in order to have a place to live after his release from jail. The next and final check, dated and sent on September 23, 1998, was not cashed until November 19, 1998, the day after petitioner's release from the Monmouth County Jail.
Since petitioner filed his application for modification on October 17, 2000, it was beyond the two year limitation period if the date he "last received a payment" was September 23, 1998, the day the last check for payment was issued and sent. However, petitioner argues that the date he "received" the last payment was the day he cashed the check, November 19, 1998, two days after he was released from jail, and within the two year period prescribed by N.J.S.A. 34:15-27.
The two year time limit mandated by N.J.S.A. 34:15-27 for submitting an application for review or modification is a jurisdictional requirement. Polcaro v. City of East Orange, 121 N.J.Super. 325, 327, 297 A.2d 12 (App.Div.1972), rev. on other grounds, 63 N.J. 548, 310 A.2d 463 (1973); see also, Schwarz v. Federal Shipbuilding & Dry Dock Co., 16 N.J. 243, 248, 108 A.2d 417 (1954) (holding that the filing of an initial petition within two years of the accident was jurisdictional). The Workers' Compensation Court is an administrative court, not a constitutional court. Its jurisdiction is limited to that granted by the Legislature and therefore "cannot be inflated by consent, waiver, estoppel or judicial inclination." Riccioni v. American Cyanamid Co., 26 N.J.Super. 1, 5, 96 A.2d 765 (App.Div.1953); see also, Young v. Western Electric Co., 96 N.J. 220, 225, 475 A.2d 544 (1984); Connolly v. Port Authority of N.Y. & NJ, 317 N.J.Super. 315, 318, 722 A.2d 110 (App.Div.1998); Lynch v. *60 City of Newark, 43 N.J.Super. 546, 550-51, 129 A.2d 324 (1957).
In Polcaro we held that mental incapacity could not toll the two year limitation of N.J.S.A. 34:15-27 and dismissed the petition on grounds of lack of jurisdiction. Polcaro, supra, 121 N.J.Super. at 327, 297 A.2d 12. The Supreme Court reversed and remanded to the Division with directions "(1) to try and determine the question whether the injuries sustained in the employment prevented the claimant from making a seasonal application to reopen, or a seasonal application for compensation for increased disability, and (2) to try the remaining issues if the claimant prevails on the timeliness issues." Subsequently, N.J.S.A. 34:15-27 was amended to toll the two year time limitation period in the instance of intervening insanity. L.1975, c. 319, § 1. Aside from this amendment, no exception tolls the statutory two year period. Accordingly, we hold that the fact of claimant's incarceration does not extend the jurisdictional time limitation to reopen or modify a prior formal award.
Petitioner argues that his application for review or modification was made within the requisite two year period from the date when he "last received a payment" because he did not "receive" the final payment of the formal award until his negotiation of the check after he was released from jail. Accordingly, he claims that his application filed in October 2002, was within the two year period of N.J.S.A. 34:15-27. Respondent argues to the contrary that the statutory meaning of "receiving" a payment equates to delivery of the check.
Both parties cite Hayes v. Federal Shipbuilding & Dry Dock Co., 5 N.J.Super. 212, 68 A.2d 766 (App.Div.1949). In that case the final payment of the compensation award was received, endorsed and deposited by the claimant into his bank on the same day, and his modification application was filed two years and one day later. The claimant argued that the check was not "received" until it cleared and was honored by the drawee bank one day after deposit, which was exactly two years before the filing of his petition. Judge, later Justice, Jacobs held that final payment was received on the date the check was delivered and was accepted by the petitioner, stating the following:
The legal concept that a check (duly honored thereafter) is payment upon its delivery to and acceptance by the payee is in accord with common business understanding... The two year limitation from the date of the employee's receipt and acceptance of a check (duly honored thereafter) furnishes a wholly reasonable and definite period within the employee's knowledge; in contrast, the construction urged by the petitioner would start the two year period on an uncertain date thereafter, unknown to the employee. [Citation omitted.] We see no special virtue in the latter construction and in the absence of anything in the Workmen's Compensation Act indicating an affirmative legislative purpose to create an isolated exception to the generally established rule as to when receipt and acceptance of a check is payment, we do not consider ourselves free to do so.

[Id. at 214, 68 A.2d 766.]
Judge Jacobs set forth the principles generally governing the issue as to when delivery of a check constitutes payment as follows:
The delivery of a check does not ordinarily, per se, constitute payment in a legal sense. 3 Williston on Contracts, § 1922. However if, when the check is delivered, the drawer has funds in the drawee bank to meet it, and if the check *61 is, upon presentment, honored and paid, as was the situation in the instant case, payment will be deemed to have been made as of the time of the delivery of the check.
[Id. at 214, 68 A.2d 766. (Quoting from Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718, 726 (Sup.Ct.1933).)]
We hold that the date the petitioner last received a payment resulting from the order approving settlement of his initial claim was the date it was posted and delivered to his residence, which was more than two years before he filed his petition for modification. To adopt petitioner's position that he did not receive the last payment until he physically possessed or negotiated the check would add uncertainty to the specified jurisdictional time requirement of N.J.S.A. 34:15-27. That statute provides a date known to both parties when the limitation period begins to run. Any interpretation extending the jurisdictional period to an unspecified date is contrary to the statutory language as well as its purpose.
Moreover, the petitioner knew when and where the check for the last payment of his formal award would be sent. His dominion and control over that payment is clearly illustrated by the fact that he authorized his landlord to endorse and negotiate the prior check. Therefore, his claim that he had not received the last payment when it was sent and delivered to his residence is without factual merit.
Affirmed.