CLIFTON CRAFT

*v.*

STATE COMPENSATION DIRECTOR, AND
AMHERST COAL COMPANY

(No. 12359)

Submitted September 2, 1964.    Decided October 27, 1964.

*Franklin W. Kern,* for appellant.

*Estep, Smith & Eiland, Edward I. Eiland,* for appellee.

BROWNING, JUDGE:

On the 13th day of July, 1964, this Court granted an appeal upon petition of the claimant from the order of the Work-

men's Compensation Appeal Board of May 15, 1964, affirming the order of January 9, 1964, of the Workmen's Compensation Director, the pertinent portions of which stated: "More than one year having elapsed since the last payment on a permanent partial disability award your claim has now become barred under the provisions of Chapter 23, Article 4, Section 16, of the West Virginia Code, and the Director is without jurisdiction to give it further consideration." The director's order also informed the claimant that he had thirty days from receipt of the order within which to appeal therefrom and informed him of the time within which appeal forms must be filed with the director. The parties are in agreement as to the pertinent facts in this case and the only issue for determination by this Court is whether the director was correct in holding that he had lost "jurisdiction" of the claim by virtue of the applicable statute of limitations.

These are the pertinent facts: On April 4, 1955, the claimant received a compensable injury to his neck and face. The claimant was certified as able to return to work on September 5, 1955, and during the interim he was paid compensation upon a temporary total disability basis for a period of twenty-one and two-sevenths weeks. On May 24, 1956, the claimant was granted a 12% permanent partial disability award, which award was protested by the employer and a hearing was thereafter held. The director then set aside the 12% award upon a finding that the claimant needed further treatment and the claimant was paid compensation upon a temporary total disability basis while such treatment was being rendered. He was paid for a total period of seventy-four and five-sevenths weeks upon that basis. On May 16, 1957, the director referred the claimant to one of his medical examiners for a permanent partial disability evaluation and pursuant to the recommendation of that physician, the director, on July 15, 1957, granted the claimant a 15% permanent partial disability award. However, the claimant had been paid upon a temporary total disability basis for a period of seventy-four and five-sevenths weeks and inasmuch as the applicable statute provides that a claimant shall be paid four weeks of compensation for each per centum of permanent partial disability, claimant

had already been paid in excess of the equivalent of a 15% permanent partial disability award. The claimant protested this order of the director and hearings were thereafter held. Three physicians testified for the claimant and gave as their opinions that the claimant was entitled to a rating of 20%, 30%, and 40%, respectively, of permanent partial disability. However, two medical witnesses for the employer testified to the effect that the claimant should not be rated for permanent partial disability at that time but should be referred to a neurosurgeon for myelography and "for disc surgery if a disc be present." On March 17, 1959, the director entered the following order:

> "This claim came on again to be considered this 17th day of March, 1959, upon the entire record, particularly upon the Commissioner's ruling of July 15, 1957, upon protest thereto, upon hearing duly held and upon transcript of evidence; and it appearing to the Commissioner that further medical evidence is necessary, it is hereby ordered and directed that the claimant be referred to an examiner, selected by the Department, for the purpose of carrying out a myelographic study to further determine whether operative treatment is indicated and if treatment is not recommended, the claimant's permanent disability, if any, be ascertained; upon receipt of examiner's report, both parties to be furnished copies thereof and a supplemental hearing to be held if either party so desires; all of which is accordingly so ordered."

On April 9, 1959, Dr. E. L. Gage, a neurosurgeon, of Bluefield, West Virginia, was authorized by the medical division of the compensation department to perform a myelographic study upon the claimant, report his findings relative to further operative treatment and, at the proper time, to inform the director of the claimant's degree of permanent partial disability. The claimant received a copy of that letter. Three days later the claimant wrote the director, in part, as follows: "Now you want me to have a myelogram performed which, I feel, might be more experimental than a help to me. I had a friend who allowed the operation to be performed and he has been in a brace about two years. I do not feel justified in accepting this proposal." On April

29, 1959, an attorney for the compensation department answered the claimant's letter and suggested that he consult his attorney, Ira P. Hager, of Logan, with regard to the matter. In June, 1959, the director was informed by letter that the claimant had been given an appointment with the neurosurgery department of Bluefield Sanitarium for examination by Dr. Gage on April 20, 1959, had not reported as directed, and another appointment for him was suggested. Again, on June 16, 1959, an official of the compensation department wrote the claimant requesting that he communicate with Dr. Gage relative to a new appointment for the examination and possible treatment theretofore recommended. On June 18, Mr. Hager, attorney for the claimant, wrote the claimant a letter reprimanding him for not keeping the appointment with Dr. Gage and suggesting that he communicate with Dr. Gage and fix another date for reporting to that physician. The record before this Court shows no further action in the claim by any party thereto, by order, letter or otherwise until January 2, 1964, when the claimant wrote to the director asking that he be granted additional compensation. On January 9, 1964, the communication of the director to which reference has heretofore been made to the effect that the claim was barred by the statute of limitations by virtue of more than one year having elapsed "since the last payment on a permanent partial disability award" was mailed to the claimant. The claimant appealed from that order and on May 15, 1964, the director's order of January 9, 1964, was affirmed by the appeal board as heretofore stated.

Code, 23-4-16, as amended, is titled "Commissioner's Jurisdiction over Case Continuous; Modification of Finding or Order; Time Limitation on Awards." Insofar as pertinent, this section provides:

> "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, however, that no further award may be made in fatal cases arising after March seventh, one thou-

sand nine hundred twenty-nine, except within two years after the death of the employee, or, in case of nonfatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: And provided further, that no such modification or change may be made in any case in which no award has been made, except within three years after the date of injury. . . ."

Code, 23-5-1, as amended, is titled "Notice by Commissioner of Decision; Objections and Hearing; Appeal." The applicable part of this section is as follows:

". . . After final hearing the commissioner shall, within sixty days, render his decision affirming, reversing or modifying, his former action, which shall be final; provided, however, that the claimant or the employer may apply to the appeal board herein created for a review of such decision; but no appeal or review shall lie unless application therefor be made within thirty days of receipt of notice of the commissioner's final action, or in any event within sixty days of the date of such final action, regardless of notice."

Code, 23-5-4b, provides in any case where the *jurisdiction* of the director is contested his order in respect thereto shall be deemed final for the purpose of an appeal to the board and any decision of the board in respect to such questions of *jurisdiction* shall be deemed final for the purpose of an appeal to the supreme court of appeals. Code, 23-5-1b, provides:

"If, however, in any case in which application for further adjustment of a claim is filed under the next preceding section, it shall appear to the commissioner that such application fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received, the commissioner shall, within sixty days from the receipt of such application, notify the claimant and the employer that such application fails to establish a

prima facie cause for reopening the claim. Such notice shall be in writing and shall state the time allowed for appeal to the appeal board from such decision of the commissioner. . . ."

While the language of these sections, and of the cases, which hereinafter are quoted in part, refer to the "commissioner", Chapter 195, Acts of the Legislature, Regular Session, 1963, changed such designation to that of "director" and that designation, except where quoted, hereinafter will be used with reference to that officer whether his action occurred before or after the statutory change.

It will be observed that the requirement of Code, 23-5-1b, as to notice to the claimant of the time within which he may appeal to the appeal board is not contained in Code, 23-5-1, in a case wherein the director, *after final hearing,* has entered an order unfavorable to the claimant. Furthermore, reference to the director's order of March 17, 1959, heretofore quoted, clearly shows that it was not intended to be, and is not, a decision "after final hearing." It will also be observed that the director's order of January 9, 1964, found that the director was without jurisdiction to further consider the claim inasmuch as "more than one year" had "elapsed since the last payment on a permanent partial disability award" in the case. Although claimant was granted a 15% permanent partial disability award he was not actually paid any compensation thereunder for the reason that he protested the award and for the further reason that even if he had not protested no payments would have been made to him under that award since he had already been paid more than the equivalent thereof in temporary disability payments. However, inasmuch as almost five years elapsed before he again contacted the director, after declining to comply with the director's order of March 17, 1959, directing that he submit to a medical examination and possible further treatment, whether the last payment was upon a temporary total disability basis, as found by the board, or a permanent partial disability basis the claim would be barred by the applicable statutes heretofore quoted if that were an order entered "after final hearing." It is the view of this Court that that order was not an order entered "after final

hearing," was not final, and therefore the claimant lost no rights by not attempting to appeal therefrom.

It is the contention of the appellant that even though such order had been intended to be a final order that it would not have been effective as a bar to the claimant's further application for compensation benefits inasmuch as it did not comply with the provisions of Code, 23-5-1, as amended, heretofore quoted, to the effect that notice of "the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders, . . . the commissioner shall give notice, in writing, to the" employee of his action "which notice shall state the time allowed for filing an objection to such finding,". It is apparent that the only purpose of the claimant in protesting to this order would be to get a hearing and that he already had, and the order provided for a further hearing after the proposed medical examination and possible treatment.

This is the single syllabus point of *Harris* v. *Compensation Com'r.*, 125 W. Va. 550, 25 S. E. 2d 190:

> "Under Code, 1931, 23-5-1, as amended by Acts, West Virginia Legislature, 1939, Chapter 137, Article 5, Section 1, the Workmen's Compensation Commissioner is required to give notice in writing to the party adversely affected thereby of his action in the making or refusing of any award, or upon the making of any modification or change with respect to former findings or orders, and any such action is not final unless there has been a compliance with said provision of the statute as to notice."

In the *Harris* case the claimant was injured on August 9, 1938, as a result of having been struck in the right eye by a piece of slate; he was paid for three and five-sevenths weeks on a temporary total disability basis; the claim was closed September 5, 1938, and the claimant returned to work September 13, 1938; on September 19, 1939, claimant wrote the director of workmen's compensation stating that he had "lost his eyesight." He was referred to a medical examiner of the department who found that he was a malingerer and was not entitled to any compensation for his eye injury. On December 15, 1939, the director wrote the claimant stating

that there had been no compensable loss of vision and that "Either party has thirty days in which to make application for appeal to the workmen's compensation appeal board." On September 16, 1941, the claimant again wrote the director to the effect that he was still having trouble with his eye, some correspondence passed between the claimant and the director thereafter and finally, on December 18, 1941, the report of a physician who was an eye, ear, nose and throat specialist was submitted, and, on February 28, 1952, the claimant was granted a 33% permanent partial disability award for complete loss of vision of the right eye. The employer protested the award, it was affirmed, the employer appealed to the board, the director's award was affirmed and, upon application of the employer, the case came to this Court. This claim would have been barred by the statute of limitations heretofore recited inasmuch as more than three years elapsed between the date of last payment of compensation upon a temporary total disability basis and the reopening of the case upon the request of the claimant which finally resulted in the permanent partial disability award. However, the Court held, as heretofore noted, that inasmuch as the director had not in his letter of December 15, 1939, informed the claimant that he had thirty days within which to *protest* to that ruling and request a hearing, but informed him instead that he had thirty days within which to *appeal* to the workmen's compensation appeal board, that the order of December 15, was not final and such failure prevented the running of the statute of limitations upon the case.

In the present case, counsel for claimant contends that if the giving of an improper notice as to the time allowed for appeal when it should have been the time allowed for protesting and to request a hearing was not sufficient in the *Harris* case that the facts of the present case present a much stronger reason for a favorable ruling by this Court inasmuch as no time within which either to appeal or protest was stated in the director's order of March 17, 1959. But to reiterate, that order was not a final order of the director as contemplated by Code, 23-5-1, as amended, and it was not necessary for it to contain any information as to the time

within which the claimant could protest or appeal to the board.

Counsel for the employer relies upon the case of *Consentina* v. *Comp. Com'r.*, 127 W. Va. 67, 31 S. E. 2d 499, and contends that, by implication, at least, *Harris* v. *Compensation Com'r.*, 125 W. Va. 550, 25 S. E. 2d 190, is overruled. Briefly, these are the facts in the *Consentina* case: Claimant was injured on May 28, 1924, and was granted an award of 65% permanent partial disability, the last payment being made thereunder on May 29, 1929. In April, 1943, claimant addressed a letter to the director regarding the proceedings upon a claim for additional compensation allegedly filed by him at some unspecified date in the year 1937, and which had been rejected by the director without informing him that he had thirty days within which to appeal to the board, such requirement being, during the year 1937, a part of the procedure required by Code, 23-4-16, as amended.

To properly appraise the *Consentina* case it is necessary to briefly review the history of the time limitations upon the director to reopen and further consider a closed case. From the effective date of the workmen's compensation law in 1913 to March 7, 1929, there was no limitation upon the time within which a compensation claimant could apply for reopening of his claim. Effective March 7, 1929, a limitation was placed upon the power of the director to consider applications for benefits under the act but this amendment was not retroactive and affected only claims arising out of injuries subsequent to March 7, 1929. By further amendment of the applicable section by Acts of the Legislature of 1939, Section 16, Article 4, Chapter 137, a limitation was placed upon the time within which application could be made for the reopening of all cases occurring from the time of the inception of the workmen's compensation statute to March 7, 1929, and this is the language of that act insofar as here pertinent: "*And provided further,* That no further award may be made in either fatal or non-fatal cases arising on account of injuries occurring prior to March seventh, one thousand nine hundred twenty-nine, unless written application for such award, signed personally by claimant, or, in

case of claimant's infancy or physical or mental incapacity, by his or her guardian, next friend, or committee, be filed with the commissioner on or before September fifteenth, one thousand nine hundred thirty-nine. In any case in which an injured employee shall make application for a further adjustment of his claim, if such application be in writing and filed within the applicable time limit as prescribed by the next preceding paragraph, the commissioner shall pass upon and determine the merits of such application within thirty days after the filing thereof." This Court had held this act to be valid by its decision in *Greer* v. *Workmen's Compensation Com'r., et al.,* 123 W. Va. 270, 15 S. E. 2d 175, because of the provision that all those who had claims which they desired to have further adjudicated were given the period from the effective date thereof until September 15, 1939, to file application therefor. This is the third syllabus point of the *Consentina* case upon which reliance is placed by counsel for the employer:

> "An application for a further award of compensation, filed in 1937 in a form at that time sufficient, by one who had received an award of permanent partial disability, for injuries received in 1924, *if undisposed of at the effective date of Chapter 137 of the Acts of 1939,* and which does not meet the requirements of the last proviso in Section 16, Article 4 of that Chapter, *is barred by that statute after the 15th day of September, 1939."* (Italics supplied.)

The merits of that claim could have been disposed of by the Court's finding that the claimant had failed to prove that a proper notice was not forwarded to him by the director in refusing to reopen the claim in the year 1937. This is the language of the opinion: "We think, also, that the evidence fails to sustain the claimant's contention that he was not notified, as required by statute, that he had thirty days in which to appeal from the 1937 order of the Commissioner. The claimant does not say that he was not so notified; the chief of the claims division of the Compensation Department says that, in regular course, the claimant would have received such notice, even though counsel had been advised in another manner. There is thus some evidence that a notice was sent to the claimant. And there is a presump-

tion that the Commissioner sent the notice required by statute. . . ." The reason for that fact being questioned was that the old claim files had been destroyed subsequent to September 15, 1939, that being the last day on which an application could be made for reopening those cases. However, it would appear from the holding of the Court as evidenced by the third syllabus point heretofore quoted that even though a claimant had prior to September 15, 1939, filed a petition for reopening of his claim which was either not acted upon by the director or improperly acted upon in that it did not contain the information that he had thirty days within which to appeal to the board, the director was without authority to take further action in the case. In *Taylor* v. *Comp. Com'r.,* 140 W. Va. 572, 86 S. E. 2d 114, the validity of the 1939 act barring the director from considering claims prior to March 7, 1929, if application therefor was not made prior to September 15, 1939, was in question. The first syllabus point in that case lays down the principle that the state compensation director was deprived thereby "of power and jurisdiction to consider or make any such award upon any application filed in such cases *after* September 15, 1939." (Italics supplied.)

This is a quotation from the opinion in the *Consentina* case: "But this statute is something in addition to a statute of limitations. In the first place, the very form of the statute is different from, and more imperative than, the ordinary statute of limitations, or remedial act, which generally provides merely that the parties shall or shall not do certain things in a certain manner or by a certain time. Here, the inhibition is against the public officer, depriving him of power to act. The provision is that 'no further award may be made'; rather than that no claim may 'be filed'. This inhibition is absolute, containing no exceptions and admitting of none. . . ." However, the same language is used in the present statute, Code, 23-4-16, as amended, the pertinent part thereof having heretofore been quoted. Insofar as the *Consentina* case holds that the director was prohibited by that act from making a *"further award"* of compensation to a claimant *after* the deadline set for making *application* for *reopening* of the old claims—that is September 15, 1939—

wherein the application therefor had been properly filed with the director *prior to* that date and the claim was in litigation or before the director for decision on September 15, 1939, the holding therein is disapproved. (Italics supplied.) Such could not have been the intention of the Legislature and the language used will not permit such an interpretation which actually would mean that if a hearing or other litigation were pending in a case which arose prior to March 7, 1929, which had been properly reopened, under the language used in the third syllabus point of the *Consentina* case the director would be forbidden to make any award in that case unless the claimant performed a ridiculous act, i.e., filed before September 15, 1939, a petition for the reopening of a claim which had theretofore been properly reopened and was in active litigation. The same reasoning is applicable to the instant case. If the 1939 act should be construed to mean otherwise it would be in violation of analogous provisions of the constitutions of the United States and of this state. We find no cases in this jurisdiction or elsewhere applying the principle of laches or abandonment in a workmen's compensation case and counsel for the employer admits in his brief that he could find no such precedent.

It is the view of this Court that this case is not barred by any statute of limitations contained in Chapter 23 of the Code; that the case is still in litigation; and therefore the order of the board of May 15, 1964, affirming the order of the director of January 9, 1964, is reversed and the case is remanded for further proper proceedings.

*Reversed and remanded.*