WARD BOWMAN

*v.*

WORKMEN'S COMPENSATION COMMISSIONER *et al.*

(No. 12554)

Submitted April 19, 1966. Decided June 14, 1966.

*Franklin W. Kern,* for appellant.

*Stone, Mauzy, Bowles & Kauffelt, Paul N. Bowles,* for appellee.

CALHOUN, JUDGE:

This case is before the Court on appeal by Ward Bowman, the claimant, from an order of the Workmen's Compensation Appeal Board entered January 12, 1966, by which the appeal board set aside the workmen's compensation commissioner's award of five percent and substituted an award of ten percent as permanent partial benefits based solely on the claimant's disability arising from peyronie's disease. Though the appeal board recognized that the record disclosed evidence of progression of the claimant's back injury, it refused to consider that evidence and refused to make any award based on a progression of the injury to the claimant's back.

It is not disputed that both the claimant's back condition and his peyronie's disease arose from the same industrial injury. The basic question presented for decision on this appeal is whether the appeal board was legally justified in refusing to consider evidence relating to progression of the claimant's back injury, while by the same order making an award of ten percent based on his peyronie's disease.

The claimant suffered a low back and groin injury on February 17, 1959, while employed by Libby-Owens-Ford Glass Company. After examinations were made and treatments were administered by various physicians in relation to the claimant's complaints of hernia, low back pain and peyronie's disease, the commissioner granted him a five percent award. The employer's protest to the award was withdrawn and it was paid in full. Upon the claimant's application, the claim was reopened and an additional award

of five percent was made to the claimant by the commissioner on April 11, 1961. The additional award was protested by the employer and a hearing was held. The additional award of five percent was affirmed by the commissioner on August 7, 1961, and later paid in full.

The commissioner's orders do not disclose whether the two five percent awards previously referred to were based on the back condition, the peyronie's disease, or both of such disabilities.

Upon the claimant's application, the claim was reopened a second time. After treatment by Dr. D. Franklin Milam, and, upon his report and recommendation, further compensation was denied to the claimant by an order entered by the commissioner on October 24, 1962, and on April 5, 1963, that order was affirmed by the commissioner. Upon appeal by the claimant, the appeal board, on July 12, 1963, entered an order, a portion of which is as follows: "* * * the order of the Commissioner as of the 5th day of April, 1963, should be and the same is hereby affirmed insofar as it affects the hernia and back condition but reversed insofar as it affects the peyronies disease. The claim is remanded for further action as outlined in the opinion of the Board hereto attached. * * *." The appeal board's opinion contained the following language: "The claim is remanded for the purpose of furnishing further treatment to the claimant for peyronies disease and a later evaluation of the percentage of disability, if any, which may result from this condition." There was no appeal to this Court from the appeal board's order of remand.

The effect of the appeal board's order of remand was to hold that the claimant had been fully compensated for his hernia and his back condition. The remand was solely in reference to the peyronie's disease. Since there was no appeal from the board's remand order, we have for decision the question whether the claimant is thereby precluded, upon this second reopening, from further award of benefits based on aggravation or progression of his back condition, while the claim is still held to be alive and open in relation to the peyronie's disease.

Upon the remand, the commissioner referred the claimant for examination, treatment and evaluation relative to the peyronie's disease and, on October 5, 1965, entered an order by which the claimant was granted an award of fifteen percent, or an increase of five percent over the ten percent which had previously been awarded and paid. On an appeal by the claimant, the appeal board entered its order of January 12, 1966, by which it set aside the commissioner's additional award of five percent, and made instead an additional award of ten percent based solely on the peyronie's disease. The appeal board's order made reference to its opinion, a portion of which is as follows:

> "When this case was before this Board at its June, 1963 session, we affirmed the Commissioner's ruling that Claimant had been fully compensated for his back injury and hernia difficulties but remanded the case so that further treatment and later evaluation in connection with the peyrenies disease could be obtained. Claimant contends that since the case was opened, the later evidence adduced relative to aggravation of the back injury would be admissable and compensable. We cannot agree. Claimant could have appealed our former order and his failure to do so allowed it to become final. At the hearing on April 30, 1965 (R. 8), Claimant's counsel did move for reopening based on medical reports then in the record; however, that motion came much more than a year after the last payment of permanent partial disability and, therefore, too late to permit reopening. While there is medical evidence of progression in connection with the back injury, unfortunately for Claimant it cannot now be considered."

We have held that the statutory provisions authorizing reopening of workmen's compensation claims for further adjustment should be liberally construed. *Blosser* v. *State Compensation Commissioner et al.*, 132 W. Va. 112, 123, 51 S. E. 2d 71, 77; *Wilkins* v. *State Compensation Commissioner*, 120 W. Va. 424, 428, 198 S. E. 869, 871.

We believe the precise question presented for decision in this case is whether a claim for workmen's compensation

benefits can be regarded as devisible in the sense that, on one hand, it may be regarded as alive and litigable in relation to a disability of one character or a disability affecting one part of the body of the claimant; and, on the other hand, whether at the same time the claim may be regarded as dead, unalterably closed and not litigable in relation to a disability of a different character, or one affecting a different part of the claimant's body, notwithstanding the fact that both types of disability arose from a single injury. We are of the opinion that a claim for workmen's compensation benefits cannot be regarded as divisible in that sense; and that, under the provisions of Code, 1931, 23-4-16, as amended, a claim arising from a single injury cannot be regarded as alive and litigable as to a disability of one character, affecting one part of the body and, at the same time, barred by statutory limitation as to a disability of another character or one affecting a different part of the body.

On appeal from an order of the commissioner, the appeal board considers the case *de novo* and makes such finding or such award as, in its opinion, should have been made by the commissioner. Code, 1931, 23-5-3, as amended; *Hayes* v. *State Compensation Director et al.*, 148 W. Va. 220, pt. 1 syl., 140 S. E. 2d 443; *Moore* v. *State Compensation Commissioner*, 118 W. Va. 578, 191 S. E. 292; *Rasmus* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 55, pt. 1 syl., 184 S. E. 250. If, therefore, the two original awards of five percent each had come before the board on appeal, it could have determined that such awards related only to the back injury and not in any sense to the peyronie's disease. Inasmuch as these two awards did not come before the board on appeal, they became finalities and the board had no power long afterward, upon an appeal involving a subsequent reopening, to hold that the first two five percent awards related to the back injury and that therefore the claimant had been fully compensated for the injury to his back.

We are not aware of any prior decision of this Court which furnishes a precise precedent for a proper decision

of the present case. In the recent case of *Partlow v. Work-men's Compensation Commissioner et al.*, 150 W. Va. 416, 146 S. E. 2d 833, the Court held, in effect, that, when a claim is held to be compensable, it must be regarded as compensable in relation to all, rather than only a part, of the disability caused by the injury. While that decision is not directly in point, we believe that, by analogy, it is persuasive of the proposition that a workmen's compensation claim is not divisible on the basis of different disabilities resulting from a single injury or accident.

Rights and responsibilities of the claimants in workmen's compensation cases, and the duties, responsibilities and powers of the commissioner and of the appeal board in such cases, are all creatures of statute. Code, 1931, 23-4-16, as amended, provides: "The power and jurisdiction of the commissioner *over each case* shall be continuing and he may from time to time, * * * make such modifications or changes with respect to former findings or orders as may be justified." (Italics supplied.) The same code section provides that a claimant may make application for further adjustment "of his claim." Similar language is found in Code, 1931, as amended, 23-5-1a and 1b.

We are not aware of any statutory provision which may properly be construed as granting to the appeal board power and authority to divide a single claim as it has done in this case. We believe the effect of the appeal board's order of July 12, 1963, was, at most, to hold that the claimant had been fully compensated *as of that date* for the back injury; but that the appeal board had no power or authority to hold that thereafter there would be no progression or aggravation of the back injury, so as to preclude the claimant of his statutory right thereafter to apply to the commissioner, under his continuing jurisdiction, for further adjustment of the claim as it related to the back injury. So long as a claim remains alive and litigable, it is subject to the claimant's right to apply for further adjustment of the claim on the basis of progression or aggravation in relation to the entire disability resulting from a single compensable injury.

*Paulich* v. *Republic Coal Co.*, 110 Mont. 174, 181, 102 P. 2d 4, 7, involved a question similar to that presently under consideration. In that case the court stated: "The judgment of September 13, 1935, is res judicata only as to the matter then considered, and then determined, namely, that the disability of respondent had not increased or become aggravated." In *Dunning-James-Patterson et al.* v. *Rickert et al.*, 196 Okl. 237, 238, 164 P. 2d 620, 622, the court stated: "* * * and the State Industrial Commission at any hearing to determine the disability cannot adjudge that there will be no further disability." In *Gardner Petroleum Co.* v. *Poe et al.*, 166 Okl. 169, 170, 26 P. 2d 743, 744, the court stated: "Under this testimony the commission was justified in finding on August 9, 1925, that the temporary total disability had ceased, but it had no authority to speculate by attempting to find permanent partial or permanent total disability might not thereafter result by reason of the original injury."

For reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board dated January 12, 1966, is reversed, the case is remanded to the workmen's compensation commissioner for a proper evaluation of the claimant's disability in conformity with the views expressed in this opinion; and this decision is certified to the appeal board and to the commissioner as provided by law.

*Reversed and remanded.*