424 S.E.2d 759

**Dallas PUGH, Plaintiff Below, Appellant,**

v.

**WORKERS' COMPENSATION COMMIS- SIONER and Alamco., Inc. (formerly Allegheny Land & Mineral Company, Inc.)., Defendants Below, Appellees.**

**No. 21106.**

Supreme Court of Appeals of West Virginia.

Submitted June 5, 1992.

Decided Dec. 11, 1992.

F. Malcolm Vaughan, Summersville, for appellant.

Scott E. Wilson, G. Thomas Smith, Waters, Warner & Harris, Clarksburg, for appellees.

McHUGH, Chief Justice.

This is an appeal by Dallas Pugh, the claimant, from a May 3, 1991 decision of the Workers' Compensation Appeal Board (WCAB) affirming a July 11, 1990 final order of the Workers' Compensation Commission (Commissioner) rejecting the claimant's May 22, 1990 application to reopen his claim for consideration of permanent partial disability (PPD) payments over and above PPD payments previously awarded for the same injury. The reopening application was rejected as untimely filed because it was filed over five years from the date the claimant had last received PPD payments in this claim. Because we believe that *W. Va. Code*, 23–4–16 [1983] clearly disallows the reopening of an application for PPD payments after five years has elapsed from the date a last PPD payment was made, we affirm the decision of the WCAB.

The claimant suffered a work-related back injury in January of 1981 while employed by Alamco, Inc. (formerly Allegheny Land & Mineral Co., Inc.). As a result of the injury, the claimant was forced to undergo back surgery. Thereafter, the claimant sought a PPD award from the Commissioner. On March 14, 1983, the Commissioner granted the claimant a 12% PPD award as compensation for his back injury. The claimant protested this award, but accepted payments of the award. Those payments began in 1983 and concluded in January of 1984.

While the claimant's protest was in litigation before the Commissioner, the claimant twice sought to reopen his claim (both in 1983) and both reopening applications were rejected. The claimant appealed the second reopening rejection to the WCAB, but the WCAB affirmed the order of the Commissioner. The claimant did not appeal those rejections to this Court.

The Commissioner did not issue a final order in this claim until October 7, 1988, when he affirmed the earlier 12% PPD award. The claimant appealed that final order of the WCAB, which, by decision dated August 11, 1989, affirmed the final order of the Commissioner. The claimant then appealed that decision to this Court. By order dated December 13, 1989, that appeal was denied.

Thereafter, on May 22, 1990, the claimant sought to reopen his claim for further PPD payments. He submitted a medical report stating a measurable increase in the amount of his permanent partial disability. The Commissioner, by order dated July 11, 1990, rejected this reopening application. Therein, the Commissioner stated: "More than five years have elapsed from and after receipt of last payment on a permanent partial disability basis; therefore, pursuant to the provisions of *W. Va. Code*, 23–4–16, as amended, the Commissioner is without jurisdiction to award disability benefits in this claim." The claimant appealed this order to the WCAB, but the WCAB affirmed the Commissioner's order on May 3, 1991. An appeal to this Court followed.

The claimant argues that although *W. Va. Code*, 23–4–16 [1983] supports the decision of the WCAB and the Commissioner, certain decisions of this Court support a contrary decision. The employer, on the other hand, argues that *W. Va. Code*, 23–4–16 [1983] is clear and that any decision of this Court supporting a contrary decision should be overruled. We agree with the arguments of the employer.

I

█ *W. Va. Code*, 23–4–16 [1983] states, in pertinent part, that:

The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as

may be justified: Provided, that no further award may be made in ... case of nonfatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within five years after payments for temporary disability shall have ceased or *not more than two times within five years after the commissioner shall have made the last payment in the original award or any subsequent increase thereto in any permanent disability case*[.]

(emphasis added).[1]

Although it is clear that *W.Va.Code*, 23-4-16 [1983] prevents the Commissioner from making any further award after five years have elapsed from the last payment in the original or any subsequent award in any permanent disability case, the claimant cites to this Court the unreported case of *McMillan v. WCC and West Virginia Department of Human Resources*, No. 18511 (November 9, 1988). In that case, we cited syllabus point 1 of *Baker v. State Workmen's Compensation Comm'r*, 164 W.Va. 389, 263 S.E.2d 883 (1980) for the proposition that the five-year time period does not begin to run until any protest or appeal to an original PPD award has been finally resolved. In syllabus point 1 of *Baker*, we stated:

'The time limitations contained in Code, 23-4-16, as amended, are applicable only to the reopening of a claim for workmen's compensation benefits previously closed by a final order of the director.' Point 1, Syllabus, *Craft v. State Compensation Director, and Amherst Coal Company*, 149 W.Va. 28, 138 S.E.2d 422 (1964).

In *McMillan* we found that although the claimant in that case filed for further PPD benefits almost nine years after the final PPD payment in the original PPD award,

because the claimant's protests were not resolved until two years before his reopening application, the reopening application was timely filed.

We must note that *Baker* was not a reopening case, and in fact we immediately followed our citation of syllabus point 1 in the text of *Baker* by strongly distinguishing that fact.[2] Similarly, *Craft* was not a reopening case. In both of those cases the claimant's original claim had not been closed, and therefore no time limitations in *W.Va.Code*, 23-4-16, as amended, could apply. In neither case did we assert that a claim wherein an order for a PPD award had been made, and where that order had been fully litigated and the case closed, that only then would the time limits of *W.Va.Code*, 23-4-16, as amended, begin to toll. We merely held that no time limitations apply to original claims *not yet closed*.

The claimant in this case correctly notes that in the unreported case of *McMillan, supra,* we cited syllabus point 1 of *Baker* and *Craft* for the proposition that time limitations in *W.Va.Code*, 23-4-16 [1983] only begin to toll *once a claim has been closed*. From the unambiguous language in the statute, and a thorough review of those cases, it is clear that such an interpretation of those cases was incorrect. Syllabus points 1 of *Baker* and *Craft* do not stand for such a proposition. They merely prohibit the Commissioner from applying the time limitations enunciated in *W.Va.Code*, 23-4-16, as amended, to claims *filed* before the expiration of those time periods, but *not yet closed*.

■ The language contained in *W.Va. Code*, 23-4-16 [1983] is clear and without ambiguity. We must accept the plain meaning of the statute without resorting to

---

**1.** *W.Va.Code*, 23-4-16 [1983] goes on to state that the claimant may be awarded medical benefits at *any* time. We also note that although the actual time periods enunciated in *W.Va. Code*, 23-4-16 have been changed and amended over time, the principles addressed in this case have remained the same.

**2.** We stated immediately following our cite to syllabus point 1 of *Craft v. State Compensation*

*Director and Amherst Coal Company*, 149 W.Va. 28, 138 S.E.2d 422 (1964) in *Baker* that "This is not a reopening case. The claimant is not attempting to have his claim reopened." In *Baker* the claimant simply sought a disability evaluation after his claim had been ruled compensable. We simply noted that the claimant's claim in that case *had not been closed*, therefore, the time limits did not apply.

rules of interpretation. As we stated in syllabus point 3 of *Sly v. Sly,* 187 W.Va. 172, 416 S.E.2d 486 (1992):

'' "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).' Syl. pt. 2, *State ex rel. Underwood v. Silverstein,* 167 W.Va. 121, 278 S.E.2d 886 (1981).

Therefore, we hold in this case that *W. Va. Code,* 23–4–16 [1983] permits the power and jurisdiction of the Workers' Compensation Commissioner to continue over cases before the Commissioner and to make modifications or changes with respect to former findings or orders as may be justified, provided that no further award may be made in the cases of nonfatal injuries more than two times within five years after the Commissioner shall have made the last payment in the original award or any subsequent increase thereto in any permanent disability case. Again, we emphasize that these time limitations do not apply within cases *not yet closed* by a final order of the Commissioner.

## II

■ We also note that the employer contends that an unreported *per curiam* decision has no weight or precedential value. Because this Court believes that such decisions are written solely for the benefit of the parties involved, and because such opinions are not generally made available to members of the public, and because permission to cite such decisions would frustrate the "non-publication rule," we agree with the employer's contention.

Our view that such decisions have no precedential weight or value finds support in other jurisdictions and in learned treatises. A prime example is found in Rule 809.23(3) of the *Wisconsin Rules of Appellate Procedure,* which states: "An unpublished opinion is of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of res judicata, collateral estoppel, or law of the case."

*See also California Rules of Court,* Rule 977; U.S. Claims Court Rule 52.1; 28 U.S.C.A.; U.S. Court of Appeal 1st Cir. Rule 36.2, 28 U.S.C.A.; U.S. Court of Appeal 3rd Cir. Appendix I, I.O.P. 5.6, 28 U.S.C.A.; U.S. Court of Appeal 4th Cir. I.O.P. 36.6, 28 U.S.C.A.; U.S. Court of Appeal 8th Cir. Rule 28A(k), 28 U.S.C.A.; U.S. Court of Appeal 10th Cir. Rule 36.3, 28 U.S.C.A.; *and see* U.S. Court of Appeal 11th Cir. Rule 36–2 (unpublished opinions are not to be considered precedent, but may be cited); Stern, *Appellate Practice in the United States,* § 10.7 (ability to cite unpublished opinions) (1981); Martineau, *Modern Appellate Practice,* § 14.4 (citation of opinion) (1992); *but note* U.S. Court of Appeal 5th Cir. Rule 47.53, 28 U.S.C.A. In fact, the Supreme Court of Wisconsin has enforced this rule by fining an attorney who cited from an unpublished opinion. *Tamminen v. Aetna Casualty & Surety Co.,* 109 Wis.2d 536, 327 N.W.2d 55 (1982). In that case the court stated that "the noncitation rule is essential to the reduction of the overwhelming number of published opinions and is a necessary adjunct to economical appellate court administration." 327 N.W.2d at 67.

Although we have not previously addressed this issue, we find rationale for a "noncitation rule" eminently justified. Thus, in this case we hold that, henceforth, unpublished opinions of this Court are of no precedential value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of *res judicata,* collateral estoppel, or law of the case.

Accordingly, the May 3, 1991 decision of the Workers' Compensation Appeal Board is affirmed.

Affirmed.