686 S.E.2d 49

Ernie L. BOWERS, Appellant,

v.

WEST VIRGINIA OFFICE OF the IN-SURANCE COMMISSIONER and Lightning Contract Service, Inc., Appellees.

Darrell W. Dotson, Appellant,

v.

West Virginia Office of the Insurance Commissioner and Meadow River Coal Company, Appellees.

Nos. 35036, 34672.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 2009.

Decided Oct. 29, 2009.

Linda Garrett, Linda Nelson Garrett, P.L.L.C., Summersville, WV, for the Appellant, Ernie Bowers.

Kristin P. Halkias, Workers' Compensation Litigation Division, Charleston, WV, for the Appellee, West Virginia Insurance Commissioner, in Mr. Bowers's Appeal (Case Number 35036).

Gregory W. Sproles, Breckinridge, Davis, Sproles & Chapman, PLLC, Summersville, WV, for the Appellant, Darrell W. Dotson.

Daniel G. Murdock, Office of Insurance Commissioner, Gary M. Mazezka, Workers' Compensation Litigation Division, Charleston, WV, for the Appellee, West Virginia Insurance Commissioner, in Mr. Dotson's Appeal (Case Number 34672).

DAVIS, Justice:

The instant matter consists of two appeals from the Workers' Compensation Board of Review (hereinafter "the Board") that have been consolidated because they present the same issue for this Court's consideration and resolution. In both cases, the claimant suffered a work-related injury in the course of and as a result of his employment. Both claimants have continued to experience pain from their work-related injuries, neither claimant has been able to return to work or resume normal activities, and both claimants have developed depression that their treating physicians have attributed to their work-related injuries. Throughout the proceedings underlying the instant appeals, the claimants' requests to add a diagnosis of depression as a compensable component of their claims has been denied. On appeal to this Court, the claimants assert that the Insurance Commissioner of West Virginia (hereinafter "the Commissioner")[1] erred by refusing to add a depression diagnosis to their claims because they were not diagnosed with depression "within 6 months of the[ir] injury or significant injury-related complication"[2] as required by W. Va.C.S.R. § 85–20–12.2.a (2005) to render such a diagnosis compensable. Upon a review of the parties' arguments, the records presented for appellate consideration, and the pertinent authorities, we reverse the decision of the Board in both cases. We further remand both cases with directions to add a diagnosis of depression to each of the claimant's underlying claims.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Although the instant appeals have been consolidated because they raise the same legal question, we will separately discuss the facts relevant to each appeal to provide the proper context for our decision.

### A. Case Number 35036—Ernie Bowers

Ernie L. Bowers (hereinafter "Mr. Bowers"), one of the appellants herein, was injured in the course of and as a result of his employment on July 12, 2002. At the time of his injury, Mr. Bowers was employed as a mechanic in a coal mine; he injured his back

---

**1.** Pursuant to W. Va.Code § 23–2C–1, *et seq.,* Brickstreet Mutual Insurance Company replaced the West Virginia Insurance Commissioner as the administrator of the West Virginia Workers' Compensation Fund on December 31, 2005. However, because both Mr. Bowers and Mr. Dotson sustained work-related injuries prior to this structural change, the Insurance Commissioner, as the administrator of the "Old Fund," remains the party respondent to these proceedings.

**2.** For the full text of W. Va.C.S.R. § 85–20–12.2.a (2005), see Section III, *infra.*

when he slipped and fell while using a bar to lift a heavy motor. Mr. Bowers underwent back surgery in January 2003, and has undergone pain management therapy, but he has been unable to return to work due to the ongoing pain and decreased mobility resulting from his work-related back injury. By decision dated November 18, 2005, the Workers' Compensation Commission granted Mr. Bowers a 34% permanent partial disability award due to his work-related cervical and lumbar injuries; Mr. Bowers ultimately withdrew his subsequent appeal of this award.

In April 2004, Mr. Bowers's treating physician, Dr. Richard Trenbath (hereinafter "Dr. Trenbath"), first observed that Mr. Bowers "ha[d] a very depressed affect," and prescribed him medication for depression. On May 26, 2004, Dr. Trenbath requested the Workers' Compensation Claims Administrator (hereinafter "Claims Administrator") to authorize a prescription for medication to treat Mr. Bowers's depression that had resulted from his work-related injury; however, it does not appear from the record that the Claims Administrator authorized this medication.

Dr. Trenbath continued to observe and recount Mr. Bowers's symptoms of depression in his subsequent treatment notes. Nearly two years after first prescribing medication for Mr. Bowers's depression, Dr. Trenbath, on May 24, 2006, requested that major depression be added as a compensable diagnosis to Mr. Bowers's workers' compensation claim resulting from his July 12, 2002, work-related back injury. The Office of Medical Management (hereinafter "the OMM") denied this request on July 11, 2006,[3] citing W. Va.C.S.R. § 85–20–12.2.a, which requires a psychiatric diagnosis be made within six months of the work-related injury, or a significant complication thereof, upon which such psychiatric diagnosis is based to be held compensable. In turn, the Claims Administrator upheld the OMM's denial of a depression diagnosis by order entered October 3, 2006. Likewise, the Office of Judges (hereinafter "the OOJ"), by decision dated February

5, 2007, and the Board, by order entered March 26, 2008, upheld these rulings. From these adverse decisions, Mr. Bowers appeals to this Court.

### B. Case Number 34672—Darrell Dotson

Darrell W. Dotson (hereinafter "Mr. Dotson"), the other appellant herein, was injured in the course of and as a result of his employment on March 23, 1998. At the time of his injury, Mr. Dotson was employed as an underground coal miner; he injured his back while pulling a miner cable. Mr. Dotson briefly returned to work, but severe lumbar pain resulting from his work-related back injury forced him to cease employment in June 1998. Since that time, Mr. Dotson has undergone pain management therapy, but he has been unable to return to work due to the ongoing pain and decreased mobility resulting from his work-related back injury. By decision dated February 25, 2003, the Workers' Compensation Division granted Mr. Dotson a 5% permanent partial disability award due to his work-related injury. Mr. Dotson appealed this award, and, by order entered March 18, 2004, the OOJ reversed Mr. Dotson's earlier award and granted him, instead, a 19% permanent partial disability award due to his work-related lumbosacral injury; the Board of Review affirmed Mr. Dotson's 19% permanent partial disability award by order entered December 29, 2004. This Court refused Mr. Dotson's subsequent appeal of this award.

On June 1, 1999, Mr. Dotson's treating physician, Dr. Margaret S. Wantz (hereinafter "Dr. Wantz"), first recorded that Mr. Dotson is "becoming more and more depressed due to pain and being unable to work." Thereafter, on June 4, 1999, Dr. Wantz prescribed medication to treat Mr. Dotson's symptoms of depression; the Workers' Compensation Commission authorized this medication.

Dr. Wantz continued to observe and recount Mr. Dotson's symptoms of depression in her subsequent treatment notes. Nearly seven and one-half years after first observing

---

**3.** A corrected order was later issued on July 28, 2006, similarly denying the addition of a diagno- sis of depression.

Mr. Dotson's depression, Dr. Wantz, on February 1, 2006, requested that major depression be added as a compensable diagnosis to Mr. Dotson's workers' compensation claim resulting from his March 23, 1998, work-related back injury. The Office of Medical Management (the OMM) denied this request on February 13, 2006, citing W. Va.C.S.R. § 85–20–12.2.a, which requires a psychiatric diagnosis be made within six months of the work-related injury, or a significant complication thereof, upon which such psychiatric diagnosis is based to be held compensable. In turn, the Claims Administrator upheld the OMM's denial of a depression diagnosis by order entered February 15, 2006. Likewise, the Office of Judges (the OOJ), by decision dated July 25, 2006, and the Board, by order entered April 5, 2007, upheld these rulings. From these adverse decisions, Mr. Dotson appeals to this Court.

## II.

### STANDARD OF REVIEW

On appeal to this Court, both claimants contend that error occurred in the decisions to deny their requests to add a diagnosis of depression as a compensable component of their claims for their work-related back injuries. Our review of workers' compensation appeals is guided by the criteria set forth in W. Va.Code §§ 23–5–15(b–c) (2005) (Repl. Vol. 2005):

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

In other words, "[w]hen it appears from the proof upon which the Workmen's Compensation [Board of Review] acted that its finding was plainly wrong an order reflecting that finding will be reversed and set aside by this Court." Syl. pt. 5, *Bragg v. State Workmen's Comp. Comm'r*, 152 W.Va. 706, 166 S.E.2d 162 (1969). Mindful of this standard, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

In both Mr. Bowers's case and Mr. Dotson's case, the Claims Administrator denied requests to add a diagnosis of depression as a compensable component of the claimants' work-related back injury claims because neither claimant had presented evidence to indicate that he had been diagnosed with depression within six months of his initial injury as required by W. Va.C.S.R. § 85–20–12.2.a. Thereafter, both the OOJ and the Board affirmed the Claims Administrator's decisions.

Before this Court, both claimants argue that their requests to add a diagnosis of depression to their compensable claims were wrongly denied pursuant to W. Va.C.S.R. § 85–20–12.2.a because this regulation applies an arbitrary six-month time frame to determine whether a work-related psychiatric condition is compensable. Both Mr. Bowers and Mr. Dotson contend that they presented undisputed testimony that neither of them had a prior history of depression and that the depression symptoms they suffer have occurred as a direct result of their work-related back injuries and the resultant ongoing pain, reduced mobility, and ensuing

disability associated therewith. Thus, Mr. Bowers and Mr. Dotson assert that all of the record evidence supports their claims that their depression developed as a direct result of their compensable, work-related back injuries and that the denial of their requests to add a diagnosis of depression to their compensable claims was erroneous.

The Commissioner responds that the depression diagnoses requested by the claimants is not available to either of them insofar as W. Va.C.S.R. § 85–20–12.2.a requires that, "[i]n order to be regarded as work-related, symptoms of an injury-related psychiatric diagnosis must be manifest within 6 months of the injury or significant injury-related complication." In this regard, the Commissioner states that neither claimant provided evidence of the onset of symptoms of depression until well after the expiration of the relevant six-month time period. Accordingly, the Commissioner contends that the decisions denying the claimants the addition of a depression diagnosis were proper.

In these consolidated cases, we are asked to determine whether a claimant must manifest symptoms of a "work injury-related psychiatric disorder" within the six-month time frame established by W. Va.C.S.R. § 85–20–12.2.a to render such "work injury-related psychiatric disorder" a compensable component of the claimant's underlying work-related injury claim. Based upon our consideration of this regulation and the governing statutory provisions, we conclude that W. Va.C.S.R. § 85–20–12.2.a is invalid because it does not comport with the express legislative intent set forth in the workers' compensation statutory law. In this regard, W. Va.C.S.R. § 85–20–12.2.a does not fulfill the Legislature's goal of compensating injured workers for injuries they have sustained "in the

course of and resulting from their … employment," W. Va.Code § 23–4–1(a) (2008) (Supp.2009), nor does it comply with the Legislature's recognition of permitting injured workers to request adjustments to their claims resulting from such work-related injuries, W. Va.Code § 23–4–16 (2005) (Repl. Vol. 2005) and W. Va.Code § 23–5–2 (2005) (Repl. Vol. 2005).[4]

▇ To be valid, a regulation promulgated pursuant to legislative authority must carry out the legislative intent of its governing statutes.

"It is fundamental law that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the statute under which the agency functions. In exercising that power, however, *an administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority.*" Syllabus point 3, *Rowe v. West Virginia Department of Corrections,* 170 W.Va. 230, 292 S.E.2d 650 (1982).

Syl. pt. 6, *Simpson v. West Virginia Office of the Ins. Comm'r,* 223 W.Va. 495, 678 S.E.2d 1 (2009) (emphasis added). In other words,

"[a]ny rules or regulations drafted by an agency must faithfully reflect the intention of the Legislature, as expressed in the controlling legislation. Where a statute contains clear and unambiguous language, an agency's rules or regulations must give that language the same clear and unambiguous force and effect that the language commands in the statute." Syllabus point 4, *Maikotter v. University of West Virginia Board of Trustees/West Virginia University,* 206 W.Va. 691, 527 S.E.2d 802 (1999).

---

**4.** It is also apparent from our reading of the regulation's plain language that the Claims Administrator misconstrued and misapplied W. Va. Code § 85–20–12.2.a in denying Mr. Bowers's and Mr. Dotson's requests insofar as this section requires the manifestation of *symptoms* of "an injury-related psychiatric diagnosis," not the actual *diagnosis* thereof, within the relevant time period. *See* Syl. pt. 4, *State ex rel. ACF Indus. v. Vieweg,* 204 W.Va. 525, 514 S.E.2d 176 (1999) ("Interpretations as to the meaning and application of workers' compensation statutes rendered

by the Workers' Compensation Commissioner, as the governmental official charged with the administration and enforcement of the workers' compensation statutory law of this State, pursuant to W. Va.Code § 23–1–1 (1997) (Repl. Vol. 1998), should be accorded deference *if such interpretations are consistent with the legislation's plain meaning and ordinary construction.*" (emphasis added)). Given our decision finding this regulation to be contrary to the governing statute, however, we need not further address this error.

Syl. pt. 7, *Simpson v. West Virginia Office of the Ins. Comm'r*, 223 W.Va. 495, 678 S.E.2d 1. *Accord* Syl. pt. 15, *Simpson, id.* ("'" 'Rules and Regulations of ... [an agency] must faithfully reflect the intention of the legislature; when there is clear and unambiguous language in a statute, that language must be given the same clear and unambiguous force and effect in the [agency's] Rules and Regulations that it has in the statute.' Syl. pt. 4, *Ranger Fuel Corp. v. West Virginia Human Rights Commission*, 180 W.Va. 260, 376 S.E.2d 154 (1988)." Syl. pt. 2, in part, *Chico Dairy Company v. Human Rights Commission*, 181 W.Va. 238, 382 S.E.2d 75 (1989).' Syllabus point 5, *Appalachian Power Co. v. State Tax Department of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995)."). Thus,

"[p]rocedures and rules properly promulgated by an administrative agency with authority to enforce a law will be upheld so long as they are reasonable and do not enlarge, amend or repeal substantive rights created by statute." Syllabus point 4, *State ex rel. Callaghan v. West Virginia Civil Service Commission*, 166 W.Va. 117, 273 S.E.2d 72 (1980).

Syl. pt. 11, *Simpson*, 223 W.Va. 495, 678 S.E.2d 1.

The regulatory language at issue herein, W. Va.C.S.R. § 85–20–12.2.a (2005), holds compensable "[w]ork injury-related psychiat-ric disorders" that satisfy the criteria enumerated therein:

"Work injury-related psychiatric disorders" means those psychiatric disorders caused by or aggravated by a work injury or disease. Attached as Exhibit A is a list of psychiatric diagnoses which are, by definition, not significantly contributed to by a work-related injury, unless the disorder ends in the phrase "due to a general medical condition" where the general medical condition is caused by the work-related injury. *In order to be regarded as work-related, symptoms of an injury-related psychiatric diagnosis must be manifest within 6 months of the injury or significant injury-related complication based on credible medical evidence.*

(Emphasis added). Despite this regulation's adoption of a time period within which the symptoms of a work-related psychiatric disorder must manifest themselves in order to be held compensable, the corresponding statutes do not contain a similar requirement.[5] Rather, the statutes authorizing injured workers to apply for an adjustment of their claims to add additional, compensable components of their initial work-related injury do not impose any such time periods within which an additional symptom, condition, or aggravation of their initial work-related injury must appear to be held compensable.[6]

---

5. Because we find W. Va.C.S.R. § 85–20–12.2.a to be facially invalid as violative of the governing legislative intent, we need not conduct a detailed analysis to determine the regulation's validity. *See* Syl. pts. 12–14, *Simpson v. West Virginia Office of the Ins. Comm'r*, 223 W.Va. 495, 678 S.E.2d 1 (2009) (setting forth test for determining if administrative rule is interpretive or legislative to ascertain its validity).

6. That is not to say, however, that a claimant's workers' compensation claim remains open indefinitely. W. Va.Code § 23–4–16(a)(2) (2005) (Repl. Vol. 2005) very explicitly requires that requests for modification be made within five years of a claimant's award of permanent disability benefits: "Except as stated below, in any claim in which an award of permanent disability was made, any request [to modify, change, or reopen a prior award] must be made within five years of the date of the initial award. During that time period, only two requests may be filed." However, such time limits apply only to claims in which an order has been entered closing the claim. *See, e.g.*, Syl. pt. 2, *Pugh v. Workers' Comp. Comm'r*, 188 W.Va. 414, 424 S.E.2d 759 (1992) ("*W. Va.Code*, 23–4–6 [1983], in part, permits the power and jurisdiction of the Workers' Compensation Commissioner to continue over cases before the Commissioner and to make modifications or changes with respect to former findings or orders as may be justified, provided that no further award may be made in the cases of nonfatal injuries more than two times within five years after the Commissioner shall have made *the last payment in the original award or any subsequent increase thereto* in any permanent disability case." (emphasis added)); Syl. pt. 1, *Craft v. State Comp. Dir.*, 149 W.Va. 28, 138 S.E.2d 422 (1964) ("The time limitations contained in Code, 23–4–16, as amended, are applicable only to the reopening of a claim for workmen's compensation benefits *previously closed by a final order of the director.*" (emphasis added)). In conjunction with their receipt of permanent partial disability awards, both Mr. Bowers's and Mr. Dotson's underlying compensable claim has been closed, and, thus, the time limits established

Specifically, W. Va.Code § 23–4–16(b) (2005) (Repl. Vol. 2005) provides that,

> [i]n any claim in which an injured employee makes application for a further award of permanent partial disability benefits . . ., if the application is in writing and filed within the applicable time limit as stated [in W. Va.Code § 23–4–16(a)(2) ] above, the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, shall pass upon the request within thirty days of its receipt and, if the commission determines that the claimant may be entitled to an award, the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, shall refer the claimant for further examinations that are necessary.

Similarly, W. Va.Code § 23–5–2 (2005) (Repl. Vol. 2005) directs that,

> [i]n any case where an injured employee makes application in writing for a further adjustment of his or her claim under the provisions of section sixteen [§ 23–4–16], article four of this chapter and the application discloses cause for a further adjustment, the commission shall, after due notice to the employer, make the modification, or changes with respect to former findings or orders in the claim that are justified. . . .

*Accord* W. Va.C.S.R. § 85–20–6.6 (2005) (requiring treating physician to update diagnosis codes but not imposing time limitation within which such diagnosis must be made); *Kincannon v. State Comp. Comm'r,* 107 W.Va. 533, 149 S.E. 665 (1929) (recognizing that full extent of injured worker's compensable injury may not be immediately apparent and contemplating initial and subsequent disability awards, all related to initial, compensable, work-related injury).

■ In addition to being contrary to the legislative intent to permit the adjustment of workers' compensation claims without regard to the time within which the additional symptom of the compensable injury manifested itself, the application of W. Va.C.S.R. § 85–20–12.2.a unfairly differentiates between psychiatric and physical complications of a compensable work-related injury. By its terms, W. Va.C.S.R. § 85–20–12.2.a establishes different standards for psychiatric (non-physical) symptoms arising from a compensable, work-related injury and physical (non-psychiatric) symptoms arising from the same injury insofar as the time frame within which psychiatric symptoms must be manifest to be held compensable does not have a corresponding time frame that is applicable to physical symptoms arising from the same work-related injury. Such a distinction between psychiatric and physical conditions attributable to a compensable injury is arbitrary and impermissible.

> A workmen's compensation claim must be considered in its entirety and cannot be regarded as divisible in the sense of being barred . . . in relation to a disability of one character, or a disability affecting one part of the claimant's body, but, at the same time, alive and litigable in relation to another disability arising from the same injury but of a different character or one affecting a different part of the claimant's body.

Syl., in part, *Bowman v. Workmen's Comp. Comm'r,* 150 W.Va. 592, 148 S.E.2d 708 (1966). Because the practical effect of the language of W. Va.C.S.R. § 85–20–12.2.a is to treat "a disability of one character," *i.e.,* psychiatric symptoms, differently than "another disability arising from the same injury but of a different character," *i.e.,* physical symptoms, we find W. Va.C.S.R. § 85–20–12.2.a to be invalid and unenforceable.

■ Accordingly, we hold that W. Va. C.S.R. § 85–20–12.2.a (2005) is an invalid administrative rule because it arbitrarily distinguishes between psychiatric (non-physical) symptoms of a compensable work-related injury and physical (non-psychiatric) symptoms

by W. Va.Code § 23–4–16(a)(2) apply to their requests to add a diagnosis of depression to their compensable claims.

By contrast, unlike the requirements of W. Va.C.S.R. § 85–20–12.2.a, neither W. Va.Code § 23–4–16 nor W. Va.Code § 23–5–2 require the onset of additional symptoms to occur within a finite period of time from the date upon which the claimant was injured in order to render such symptoms compensable components of the claimant's initial claim.

of the same compensable work-related injury when the Legislature has not made such a distinction. We further hold that neither W. Va.Code § 23–4–16(b) (2005) (Repl. Vol. 2005) nor W. Va.Code § 23–5–2 (2005) (Repl. Vol. 2005) requires that, to be held compensable, symptoms of a "work injury-related psychiatric disorder" must manifest within six months of the underlying work-related injury or a significant complication thereof.

Applying these holdings to the facts of the two cases before us, we conclude that the decisions to deny the claimants' requests to add a diagnosis of depression were plainly wrong. *See* Syl. pt. 5, *Bragg v. State Workmen's Comp. Comm'r*, 152 W.Va. 706, 166 S.E.2d 162. Pursuant to W. Va.Code § 23–4–16(a)(2), requests to modify, change, or reopen an existing claim "must be made within five years of the date of the initial award." Here, both Mr. Bowers and Mr. Dotson met this threshold requirement. Mr. Bowers requested the addition of a depression diagnosis on May 24, 2006, which date was within five years of his initial 34% permanent partial disability award, which was granted on November 18, 2005, and the appeal of which was dismissed at Mr. Bowers's request. Likewise, Mr. Dotson requested the addition of a depression diagnosis on February 1, 2006, which date was within five years of his initial PPD award, which was granted on February 25, 2003, and ultimately affirmed, as modified by the OOJ, by the Board of Review's order entered December 29, 2004. *Cf.* Syl. pt. 2, in part, *Pugh v. Workers' Comp. Comm'r*, 188 W.Va. 414, 424 S.E.2d 759 (1992) (holding that statutory time limit set forth in W. Va.Code § 23–4–16(a)(2) begins to run from "the last payment in the original award or any subsequent increase thereto"). Therefore, both claimants have met the temporal requirements for requesting a modification of their underlying claims.

■ Moreover, to be held compensable, an injury must have occurred "in the course of and resulting from [the worker's] ... employment." W. Va.Code § 23–4–1(a). Here, the parties do not dispute that Mr. Bowers and Mr. Dotson both injured their back as a result of a work-related injury, and, in fact,

both of their underlying claims have been held compensable. With respect to the depression diagnosis they seek to add to their claims, both claimants represent that they were not depressed before their work-related injuries, and both claimants have presented unrefuted evidence that their depression has resulted from their compensable back injuries. Because both Mr. Bowers and Mr. Dotson have demonstrated a causal relationship between the diagnosis of depression they request and their underlying, work-related injuries, their requests to add such a diagnosis should have been granted. Accordingly, the Board's orders refusing to add such a diagnosis in both cases are reversed, and both cases are remanded with directions to add a diagnosis of depression to the claimants' compensable claims. *See* Syl., in part, *Justice v. State Comp. Dir.*, 149 W.Va. 216, 140 S.E.2d 424 (1965) ("When a claimant makes timely application in writing ... for further adjustment of his claim and upon such application establishes a fact or facts not previously considered by the [Claims Administrator] in his former findings which would entitle claimant to greater benefits than he has already received, the claim should be reopened, and this Court will reverse an order of the Workmen's Compensation ... Board [of Review] affirming an order of the [Claims Administrator] which denies a reopening of the claim.").

## IV.

## CONCLUSION

For the foregoing reasons, the decision rendered March 26, 2008, by the Workers' Compensation Board of Review in Mr. Bowers's claim, Case Number 35036, is hereby reversed, and this case is remanded with directions to add a diagnosis of depression to Mr. Bowers's underlying compensable claim. Likewise, the decision rendered April 5, 2007, by the Workers' Compensation Board of Review in Mr. Dotson's claim, Case Number 34672, also is reversed, and this case also is remanded with directions to add a diagnosis of depression to Mr. Dotson's underlying compensable claim.

Case Number 35036—Reversed with Directions.

Case Number 34672—Reversed with Directions.

Chief Justice BENJAMIN concurs and reserves the right to file a concurring opinion.